ARMSTRONG, administrator, *et al. vs.* LEWIS.

1. An accommodation indorser against whom the creditor has obtained judgment, and who alleges in his bill that he has been discharged by the subsequent act of the creditor in dismissing a suit in which there was a prior judgment against the maker for the same debt, from which judgment the maker appealed, giving good security on the appeal, must prove, in order to establish his discharge and obtain a decree for a perpetual injunction, not only that the suit was dismissed, but that the dismissal was by the creditor, or by the court at the creditor's instance.

2. When a suit pending in the superior court is dismissed by the plaintiff, or by the court on his motion, the only primary evidence of the dismissal is an entry on the proper docket, or on the minutes of the court. Such entry, if omitted at the right time, may be made, *nunc pro tunc,* under an order granted by the court for that purpose. The entry, when ordered *nunc pro tunc,* will relate back to the time when the act of dismissal took place; but until the appropriate entry is supplied, the suit must be regarded as undisposed of.

3. The dockets, minutes and records of a court of record must be kept so as to represent the true state of its business. From them the court, without the aid of a jury, must be able to ascertain what cases are pending, and what are not pending. If they fail to speak the truth in respect to the pendency or the disposition of any case, the court, in a direct proceeding for that purpose, may, on sufficient evidence *aliunde,* have them corrected; but they cannot be attacked collaterally for alleged errors or deficiencies. Collectively taken, they import verity.

4. If the creditor dismissed the suit, or caused the superior court to dismiss it, before the *remittitur* from the supreme court was entered below, the act of dismissal took effect, *as against him,* when the *remittitur* was entered, if not before; and he will not be heard to say that the dismissal was ineffectual because the case was still pending in the supreme court, this court, before the dismissal, having pronounced its judgment on the writ of error, and performed all its functions in respect to the case, including the transmission of the *remittitur* to the counsel of the prevailing party.

5. If a complainant who has waived discovery introduces, as evidence to support the bill, admissions contained in the answer, all parts of the answer in respect to the subject matter of the admissions should go to the jury, though the corrective or explanatory statements be contained in an amendment, and the admissions, themselves, in the original. The jury will judge of the credit due to the respective parts of the answer.

Equity. Negotiable securities. Indorsement. Judgments. Practice in the Superior Court. Dockets. *Remittitur*. Discovery. Before Judge CRISP. Sumter Superior Court. April Adjourned Term, 1878.

Lewis filed his bill against Armstrong, administrator, and others, making, in brief, this case :

In 1860 complainant became accommodation indorser for Hand & Bagley, on two notes to defendant's intestate, James W. Armstrong. In 1865 the latter brought suit in Sumter superior court against Hand & Bagley, of that county, and complainant, as indorser, of Dooly county. Hand pleaded to the action for himself. In April, 1866, judgment was had against all of the defendants. Hand alone appealed, giving Horne as his security. Pending the appeal Armstrong brought suit on the same notes to the April term, 1867, of Dooly superior court, against complainant, and entered judgment at the October adjourned term, 1868. Execution issued and was levied. There was a subsisting judgment against complainant on the same notes in Sumter at the time of the rendition of the judgment in Dooly, and for this reason he did not defend the last suit. Hand was then defending the action on appeal in Sumter for all of the defendants. A sufficiency of the property of Hand & Bagley was bound by the Sumter judgment to satisfy the same, and Horne, the security on appeal, whose liability was prior to that of complainant, had ample property. In 1869 or 1870, counsel for Armstrong appeared in Sumter and voluntarily dismissed his suit pending on appeal. This was done without complainant's consent. This dismissal increased his risk and discharged his liability as indorser. Waiving discovery, he prays perpetual injunction against the judgment in Dooly, etc.

On August 14th, 1872, defendant answered in substance as follows :

Judgment was rendered against Hand & Bagley at the April term, 1866, of Sumter superior court, but not against

complainant, because he had not been served in time. A separate judgment was rendered against him at the following October term, from which he appealed. At the next April term, counsel for his intestate dismissed the action against complainant, pending on appeal, and brought suit in Dooly, where judgment was regularly rendered. Denies that Hand was defending the action in Sumter for the complainant, as the latter had never been a party thereto, and for the further reason that, as defendant had been informed, that suit had been, on motion of W. A. Hawkins, Esq., attorney for Hand, dismissed before the bringing of the suit in Dooly, on the ground that the consideration of the notes was slaves. Denies that such suit was ever voluntarily dismissed by intestate's attorney, but insists that it was done, if done at all, on motion of counsel for Hand, by the action of the court, and without the consent of the plaintiff in that suit. Defendant commenced a second suit againt Hand & Bagley to the April term, 1870, as required by the act of 1869.

Amended answer of August 26th, 1872, denies that the action *vs.* Hand & Bagley and Horne had ever been dismissed, but alleges that it is still pending.

Supplemental answer of February 14, 1873, presented the following facts :

At the time of filing original answer, defendant believed that the action against Hand & Bagley and Horne had been dismissed ; he was led to this belief by the unequivocal charges of the bill, and from the incorrect information which his counsel had upon the subject. Such suit is still pending, and defendant withdraws any admission heretofore made in his original answer to the contrary. After rendition of judgment against Hand & Bagley, Hand carried the case to the supreme court, which affirmed the judgment. (34 *Ga.*, 232.) Prior to suing out bill of exceptions, Hand appealed. This appeal was dismissed at April term, 1867, on motion, because of the suing out of the bill of exceptions. This dismissal was reversed by the supreme court.

(36 *Ga.*, 267.)   The *remittitur* in this last case had not been returned to the court below and made its judgment, and consequently the action had not been reinstated on the appeal docket and called in its order.

The main contest upon the trial was whether the suit against Hand & Bagley, and Horne, security on appeal, had ever been dismissed.   Much parol testimony, of counsel and others, was introduced, but it failed to make the matter clear; it was conflicting, preponderating perhaps slightly in favor of the dismissal having taken place in 1868 or 1869, but whether at the instance of the plaintiff or the defendant, Hand, was left in extreme doubt.

The following written evidence was introduced by complainant:

1. Original declaration *vs.* Hand, Bagley and Lewis in Sumter superior court; service on Hand & Bagley, September 17, 1865.   Verdict and judgment *vs.* Hand & Bagley, 11th April, 1866.

2. Second original for Dooly county, process dated September 16, 1865; acknowledgment of service by Lewis appears to be March 9, 1865.   Verdict and judgment *vs.* Lewis, October 9, 1866.

3. Appeal of Hand with J. W. C. Horne, security, dated April 17, 1866.

4. First answer of Armstrong, an abstract of which is given above, as an admission that the case had been dismissed.

5. Declaration *vs.* Hand & Bagley, filed November 9, 1869, with tax affidavit accompanying it.

The following written evidence was introduced by respondent:

1. *Remittitur* from supreme court in case of *Hand vs. Armstrong*, dated June 29, 1867.   On this *remittitur* was written an order, which was unsigned, making the judgment of the supreme court the judgment of the superior court, and the following in pencil:   "Please send the bill of costs, item by item, to me at Vienna, before issuing execution.

JOSEPH ARMSTRONG."

The order had never been entered on the minutes.

2. Order dismissing case as to Lewis, April term, 1867.

3. Order dismissing appeal, 10th April, 1867.

4. Entries on appeal docket as follows:

"ARMSTRONG.

"W. A. HAWKINS.

{ JAMES W. ARMSTRONG
*vs.*
COLUMBUS W. HAND and
DAVID BAGLEY, makers, and
JOHN B. LEWIS, indorser, and
J. W. C. HORNE, sec. on appeal. }

On opposite page: "Appeal dismissed, April, 1867."

It was admitted that the entry was in Judge Vason's handwriting, but not the marks striking the cases.

5. Order dismissing case brought in 1869, on motion of counsel for defendant, passed October term, 1875.

The jury found in favor of complainant, and defendants moved for a new trial upon the following grounds:

1. Because the court allowed the complainant to introduce in evidence, as an admission, the original answer of defendant, having waived any discovery in his bill, defendants insisting that it was not legal to use *this*, or any other parol evidence, to prove that the action against Hand & Bagley, and Horne, security on appeal, had been dismissed.

2. Because after complainant concluded his evidence the court overruled the motion of defendants to dismiss the case for want of sufficient evidence to justify the decree prayed for.

3. Because the court allowed W. A. Hawkins, C. W. Horne and others, to testify as to the dismissal of the said action, it not appearing that any judgment was rendered, or entry made on the docket.

4. Because the court excluded the two amended answers, they being offered as rebutting evidence to explain the original answer.

5. Because the charge of the court did not fully and clearly set forth the law applicable to the facts, but did mislead the jury, to-wit: in charging that if Armstrong or his counsel, did appear in court and dismiss said case, although no order of court was taken, then said case was dismissed.

Also, in charging that even although the appeal case was carried to the supreme court by Hand in 1867, and the judgment of the supreme court had never been entered and made the judgment of this court, yet if Armstrong had notice that the case had been thus decided, and after such notice did consent to dismiss said case, this act was a legal dismissal.

6. Because the court refused to give in charge to the jury the written requests of defendants' counsel as follows:

1. "The highest and best evidence of a dismissal which the nature of the case admits must be given, and that would be an order of dismissal, or an entry on the docket made by the clerk or judge; and before this jury can find a verdict in favor of the complainant they must find that such order has been taken or such entry made."

2. "If the jury shall believe, from the evidence, that the appeal entered by Hand, with Horne as security, was dismissed by this court, and that the decision dismissing the appeal was carried to the supreme court by writ of error, and the decision of the court was reversed, the case could only be brought back to this court by the return of the *remittitur*, and this return must be shown by an order making the judgment of the supreme court the judgment of this court, and placing that order on the minutes of this court. Therefore, if the jury shall believe, from the evidence in this case, that the *remittitur* has never been returned—that is, that the judgment of the supreme court has never been made the judgment of this court—they must find that the case *vs.* Hand & Bagley, with Horne as security on the appeal, has not, since 1867, been in this court, and could not have been dismissed, and they should find for the defendants in this bill."

3. "Before the jury can find in favor of the complainant in this bill, they must be satisfied from the evidence, that the case in this court in favor of Armstrong *vs.* Hand & Bagley, and Horne, security on appeal, was dismissed by plaintiff or his counsel subsequent to the rendition of the

judgment in Dooly superior court, and it is necessary for the complainant to make out these two facts conclusively."

4. "If the case of Armstrong *vs.* Hand & Bagley and Horne, security on appeal, was dismissed on motion of defendants in said suit, or their counsel, without any act on the part of Armstrong, or his attorney, this jury must find a verdict for the defendants; or if the case was dismissed on the ground that the consideration was slaves, without the act or consent of Armstrong or his attorney, the jury in this case must find a verdict for the defendants."

The motion was overruled and defendants excepted.

D. A. VASON; N. A. SMITH; J. ARMSTRONG, for plaintiffs in error.

Parol evidence inadmissible to show dismissal, Code, §3437; 30 *Ga.*, 929; 56 *Ib.*, 245; 57 *Ib.*, 333. *Remittitur,* Code, §4285.

HAWKINS & HAWKINS; S. HALL, for defendant.

Dismissal discharged security, Code, §2154. Burge on Sureties, 353; 2 Vern., 608; 11 Ves., 12; 3 Myl. & K., 183; 47 *Ga.*, 289. Dismissal no part of record, Code, §3447; 30 *Ga.*, 929; 8 *Ib.*, 438; 58 *Ib.*, 356. *Remittitur,* 17 How. Pr., 289; 58 *Ga.*, 287; Code, §4287.

BLECKLEY, Justice.

1. For the indorser to be discharged by reason of the dismissal of the creditor's suit, under the circumstances detailed in the record, the act of dismissal must have been by the creditor himself, or by the court at his instance, and this must appear by evidence. If the creditor was not at fault in the matter, and the court, either without a motion, or on motion of the adverse party, dismissed the case, the indorser was not discharged.

2. As to evidence that the suit was dismissed, there can be no doubt that the only primary evidence is an entry on the proper docket, or on the minutes of the court. If an

entry ought to have been made, but was omitted, it may yet be made *nunc pro tunc.* Thus made, it will relate back to the time when the actual dismissal took place; but until the appropriate entry is supplied, the suit must be regarded as still pending, no disposition of it by other means appearing.

3. The superior court being a court of record, its dockets, minutes and records must be kept so as to represent the true state of its business. It is not meet that the court should be dependent upon a trial by jury to ascertain what cases are pending and what are not pending. Trial by inspection, not by jury, is the method appointed by law for the solution of such a question. In a direct proceeding for the purpose, the court can and should make its books of every kind speak the truth, and, on sufficient evidence *aliunde*, may correct them when they fail to do so. When they all utter the same voice, they import verity; and neither for alleged errors nor alleged deficiencies can they be attacked collaterally. An error or deficiency may be shown in a direct proceeding to correct or supply it, but in no other; nor even in that without competent evidence.

4. If there was a dismissal by the creditor, or by his procurement, after a writ of error had been disposed of and the *remittitur* sent down, but before the latter was entered in the superior court, he cannot escape the consequences of the dismissal by reason of the mere fact that the *remittitur* had not been entered. On its being entered afterwards, the dismissal would take effect, granting that its effect would be suspended until that time. The creditor's voluntary action in the matter, even if premature, would be operative against himself, though it might not prejudice others. His continued acquiescence in what he had done, would be equivalent to a repetition of it after the *remittitur* was entered. He should be considered as standing by his action because it represented his present will as well as his past will.

5. Under our system, the pleadings in a case are amendable, whether at law or in equity, without stint, if there is anything to amend by. If a party makes a mistake in his

answer, ·he may correct it by filing an amended answer. The entire answer is then to be read together, and while one part of it may be credited by a jury and another part discredited, the document is to be considered as one instrument, and the several parts of it may be looked to as explaining and correcting each other.   The complainant, though he has waived discovery, may read from the answers such admissions therein as may suit his purpose, but when he has done so, the defendant may read such other parts of the same answer as bear directly on the subject matter of the admissions.   59 *Ga.*, 25 (6).   Whether the right result has been reached or not, we will not venture to say.   There has been no proper trial.

Judgment reversed.