LUMBERMEN'S MUTUAL CASUALTY COMPANY *et al.* v. LATTIMORE.

HILL, J. 1. Where, on March 29, 1924, the mother of a deceased employee, seeking compensation upon the ground that she was dependent upon her son for support, entered with his employer into a compromise agreement and settlement of her claim, the memorandum of agreement providing that it was submitted to the Industrial Commission of Georgia, and if approved by the commission should be binding upon all parties thereto, and not otherwise; and where, on April 28, 1924, the commission notified the insurance carrier that they had examined the memorandum of agreement and had fixed the weekly compensation to

---

Workmen's Compensation Acts, C. J. p. 109, n. 99 New.

be paid the mother at $4.86 a week for three hundred weeks, and notified the insurance carrier that "if any party in interest doubts that the agreement made has been made strictly according to law, he may address the commission with an inquiry or complaint; it will receive prompt attention;" and where, on April 30, 1924, the insurer of the employer acknowledged receipt of such notice and stated that the award was made on the basis of *total* dependency, whereas, if the commission would refer to the said death benefit agreement, it would appear that the deceased contributed an average of $7 per month to the support of his mother; and where the insurance carrier "suggested" that the commission review this agreement, inasmuch as it was apparent that the commission had overlooked this statement in the death benefit claim and agreement; and where, upon receipt of such notice from the insurance carrier, the commission reviewed the matter and made an award finally approving the agreement in accordance with its terms: *Held*, that the award submitted by the commission to the dependent and the insurance carrier was not such a final award as to deprive the commission of jurisdiction to review and revise the award submitted, and enter a final award in the case approving the agreement, under sections 57, 58, and 59 of the workmen's compensation act (Acts 1920, p. 167).

2. The Court of Appeals erred in holding that the award first made was conclusive on the parties and could not be reviewed by the commission This case is distinguishable from *Gravitt* v. *Georgia Casualty Co.*, 158 *Ga.* 613, 617 (123 S. E. 897).

*Judgment reversed. All the Justices concur, except Russell, C. J., dissenting.*

No. 5478. JANUARY 13, 1928.

Certiorari; from Court of Appeals. 35 *Ga. App.* 250.

*Wilson, Bennett & Pedrick,* for plaintiffs in error.

*E. W. Edwards* and *Taylor & Spurlin,* contra.