21588.   ELLIS *v.* BOYKIN, solicitor-general.

DECIDED NOVEMBER 10, 1931.

*William G. McRae,* for plaintiff in error, cited: Civil Code (1910), §§ 5702-3; Penal Code, § 20; 56 Ala. 270; 82 *Ga.* 96; 32 *Ga.* 557; 68 *Ga.* 478 (2); 14 *Ga. App.* 746, 750; Penal Code, §§

971, 973; Civil Code, § 4867; 122 *Ga.* 752 (distinguished) ; 125 *Ga.* 46 (distinguished).

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra: 125 *Ga.* 46; 122 *Ga.* 752; Michie's Dig. Ga. R. 127; 69 *Ga.* 289 (5a) ; 63 *Ga.* 641; 30 *Ga. App.* 658; Civil Code (1910), §§ 6138, 6144; 4 *Ga. App.* 60.

LUKE, J.   John A. Boykin, solicitor-general, filed in the superior court of Fulton county a petition praying that the minutes of that court be corrected in certain particulars.   A general demurrer to the petition having been overruled, the respondent, Edward O. Ellis, excepted.

It is urged in support of the grounds of demurrer that the petitioner here is not a proper party to the proceeding, is without any interest therein, and is without any authority in the premises. It would seem, however, since the minutes of a criminal proceeding of the superior court are the subject of an inquiry, and that the conduct of such proceedings is peculiarly within the province of the solicitor-general, it is entirely appropriate that any proceedings looking to the correction of such minutes should be initiated by him.   No more appropriate procedure is suggested by counsel, and certainly none now occurs to us.   We are not sure that his legal right and authority is by any means exclusive in that particular, but at least the procedure here proposed has the authority of precedent in this State.   We hold that this ground of exception is without merit.   It is further urged that the superior court has no power to correct its minutes as prayed for in the petition.   Counsel for plaintiff in error discusses this question at considerable length in his brief.   It seems clear that there are certain limitations respecting the power and the manner of making such corrections.   But the case here under consideration, so far as appears upon the face of the petition, presents no difficulty.   The petition states that certain minutes entered in separate minutebooks are in conflict—that one volume contains a minute showing certain pleas of guilty were entered on November 13, 1924, while another volume of minutes shows that such pleas were entered on November 8, 1924.   In the circumstances, we have no doubt of the inherent power of the court, upon a proper presentation of the facts, to correct the minutes as prayed for.   We can not perceive how the rights of the respondent can in anywise be prejudiced by

the proposed proceedings. In our view the petition is sufficient in law to withstand the test of the general demurrer, and the learned judge of the superior court did not err in his judgment to that effect.

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*