44485. ISRAEL v. JOE REDWINE INSURANCE AGENCY.

DEEN, Judge. The original Code of 1863 contained two provisions relating to the entry of nunc pro tunc material in judicial proceedings. The present *Code* § 24-104(6) was then in effect and provided: "Every court has power . . . to

amend and control its processes and orders, so as to make them conformable to law and justice; and to amend its own records, so as to make them conform to the truth." Former *Code* § 81-1201, repealed by the Civil Practice Act, stated that "as a general rule the court will amend the entries of its orders on the minutes, on the records and other proceedings, nunc protunc" where the truth appeared on the face of the record or where the amendment would clearly be in furtherance of justice. This was also in the original Code. The present *Code Ann.* § 81A-160(g) provides that errors in judgments, orders, or other parts of the record arising from oversight or omission may be corrected by the court at any time.

It is settled that under the law in effect relating to nunc pro tunc entries prior to the Civil Practice Act the phrase "amend its own records" included not only changing an order which had been entered, but encompassed a case where the court ordered a dismissal of the action either on his own motion or on the motion of a party, where the order of dismissal, if made, was not entered on the court records, and where several years thereafter, in other litigation, the fact of dismissal vel non became pertinent. Dealing with this situation Justice Bleckley in *Armstrong v. Lewis*, 61 Ga. 680, 687, held: "If an entry [of dismissal] ought to have been made, but was omitted, it may yet be made nunc pro tunc. Thus made, it will relate back to the time when the actual dismissal took place . . . In a direct proceeding for the purpose, the court can and should make its books of every kind speak the truth, and, on sufficient evidence aliunde, may correct them when they fail to do so."

A similar situation exists here. Joe Redwine Insurance Agency filed suit on open account against Israel and Colesc Delivery Service, Inc., in 1966. At the trial an oral motion was made to compel the plaintiff to elect which defendant it wished to proceed against and it elected to proceed against the corporation only, and the case was then tried against the corporation as sole defendant. The court, hearing the case without a jury, entered judgment against Colese and no order dismissing Israel or otherwise referring to him was entered in writing. In 1969 the plaintiff, having filed a subsequent action against Israel on a note and having been met with a plea of res judicata, filed a motion in this case to have the

judgment of dismissal reduced to writing and entered nunc pro tunc for the purpose of showing that the claim against Israel had not been adjudicated in the first action. The grant of this motion is contended to be error for the sole reason that the court had no jurisdiction to entertain it. That it did have such jurisdiction, however, is demonstrated by the *Armstrong* case unless our statute law has since narrowed the availability of nunc pro tunc orders to exclude cases when an order is made but not reduced to writing. *Code Ann.* § 81A-160(g) is in the language of 60(a), Federal Rules of Civil Procedure, under which it was held in Crosby v. Pacific S. S. Lines, 133 F2d 470, that where the lower court had intended to order the dismissal of a reorganization petition and the failure to do so was a mere oversight, this might be corrected nunc pro tunc. Further, although *Code* § 8-1201 is no longer with us it contained the same language "amend its own records" as *Code* § 24-104(6), which language as construed by the *Armstrong* case did not limit the nunc pro tunc power of the court to amending, in the literal sense, an existing part of the record, but included "amending" the record by reducing to writing an order which had previously existed only as an oral statement and was therefore not properly a part of the record at all, although it had been recognized as such during the trial of the case.

It follows that the trial court, where no adverse rights have intervened, has jurisdiction nunc pro tunc to enter an order of dismissal accurately reflecting what occurred upon the trial of the case.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

SUBMITTED MAY 29, 1969—DECIDED JULY 2, 1969.

*Stanley H. Nylen,* for appellant.
*Davis & Worth, Raborn L. Davis,* for appellee.