## 48989, 49259. HANDLEY v. TRAVELERS INSURANCE COMPANY et al. (two cases).

BELL, Chief Judge.

A supplemental agreement for the payment of compensation for 50% loss of use of the left leg for a period of 225 weeks subject to a change of condition was filed on December 22, 1970 with the Board of Workmen's Compensation. The board withheld its approval pending compliance with its Rule 12 which states in part: "In the event an agreement is entered into for the . . . loss of use of a specific member this agreement must be accompanied by medical evidence or other proof acceptable to the Board to substantiate the percentage of . . . loss of use." On February 21, 1973, some two years and two months after the filing of the agreement, the claimant's counsel furnished a medical report and the agreement was approved by the board. The board's approval contained a recital that it approved the agreement subject to the condition that the board retained the right "to review and correct the same should it be shown that error was committed, or in the event any party at interest shall question the validity of this agreement. If any party at interest questions the correctness of this agreement he may bring the matter to the attention of the board." Within 30 days of the approval, the insurer filed an "appeal" to the board asking that the approval be set aside and one of the grounds asserted was that the medical report furnished by claimant does not support the agreement for compensation for 225 weeks. The full board on June 6, 1973, after a hearing and basically on the ground that it had no authority to set aside its own order, denied the request to set aside the agreement. The superior court entered an order on October 31, 1973, in which the award of the board dated "August 29, 1973" was reversed and set aside; set aside the supplemental agreement of February 21, 1973; remanded the case to the board for a hearing on a change of condition subsequent to November 5, 1970; and denied the motion of claimant for

attorney fees. A timely notice of appeal from this judgment was filed and the record was transmitted to this court on November 20, 1973, which is Case No. 48989. On December 19, 1973 the trial court entered another order nunc pro tunc in substitution of the October 31, 1973 order. By the latter order "June 6, 1973" was substituted for "August 29, 1973." Another notice of appeal was filed to the December 19th order which forms the basis for the appeal in Case No. 49259. *Held:*

1. The board erroneously concluded that it had no jurisdiction to review its award pursuant to the insurer's timely request. The board's approval of the agreement was conditioned upon its right to review and correct "should it be shown that error was committed etc." It has been held that where the board has approved an agreement with a written provision substantially similar to the one used here, and where a party at interest has timely availed itself of the invitation to be heard, the board had jurisdiction to review and revise its award. *Lumbermen's Mut. Cas. Co. v. Lattimore,* 165 Ga. 501 (141 SE 195). See also *Liberty Mut. Ins. Co. v. Morgan,* 199 Ga. 179, 182 (33 SE2d 336).

2. The long awaited medical report which the board by its own rule required to be submitted clearly does not substantiate the supplemental agreement between the parties. The physician who signed it plainly states that claimant had only a 50% loss of use of her left leg from November 5, 1970 to December 7, 1970 and no loss of use thereafter, which is approximately 4 weeks and not 225 weeks as stipulated in the agreement. Thus in approving the agreement, the board violated its own rule. This fact was specifically brought to the attention of the board when the insurer sought a timely review of the board's provisional approval of the supplemental agreement. Thus at this point there was a disagreement between the parties and since the board's prior approval was not final, it should have heard and ruled on the issue. Code Ann. § 114-706. In this connection see *Reese v. American Mut. Liability Ins Co.,* 67 Ga. App. 420 (20 SE2d 773). The superior court placed this case into its proper perspective when it reversed and remanded the case to the board with directions for a hearing to determine any change in

condition subsequent to November 5, 1970.

3. As the insurer had reasonable grounds to defend this claim, it was not error to deny the claimant's motion for attorney fees. Code Ann. § 114-712.

4. No error was committed by the trial court in correcting nunc pro tunc the date of the board's award so as to make the order conform to the record. CPA § 60 (g) (Code Ann. § 81A-160 (g)); *Israel v. Joe Redwine Ins. Agency*, 120 Ga. App. 14 (169 SE2d 347).

*Judgments affirmed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 8 AND APRIL 1, 1974 — DECIDED APRIL 30, 1974 — REHEARING DENIED MAY 15, 1974 — ▮▮▮▮▮

*Aynes, Burger, Genins & Kirby, William I. Aynes, Richard R. Kirby,* for appellant.

*Neely, Freeman & Hawkins, Andrew J. Hamilton,* for appellees.