## 53494. COOK v. KRUGER et al.

SHULMAN, Judge.

This case was brought by appellant as a trover action in the Superior Court of Cherokee County in January, 1974. In August of that year, the case was continued by agreement of counsel. By inadvertence, however, the case was called for trial in September and dismissed for want of prosecution, unbeknownst to either party. In February, 1975, after the end of the term of court in which the dismissal was entered, the superior court entered an order reinstating the action and transferring it to the State Court of Cherokee County. Appellant moved in the superior court to have the order vacated. His motion was

denied. He then moved the state court to vacate the order, which motion was also denied. The state court's denial of appellant's motion was appealed to this court. The holding on that appeal was that the order of the state court was void becaused it lacked jurisdiction. The finding of a lack of jurisdiction was based on the apparent lack of authority in the superior court to make such a transfer. *Cook v. Kruger,* 139 Ga. App. 490 (2) (229 SE2d 11). That appeal was decided without a consideration of the superior court's action in reinstating the action.

Subsequent to the reversal by this court of the state court's order, the superior court again transferred the case to the state court by order of October 20, 1976. That order recited that the transfer was made pursuant to specific authorization contained in Ga. L. 1974, p. 2114. From that order this appeal is brought.

1. Two of the enumerations of error in this appeal go to the validity of the superior court's reinstatement of the action, asserting that the order was void for failure to give notice to appellant and because the term of court in which the dismissal was entered had expired. We cannot agree.

The Civil Practice Act contains a section which provides for the correction of "Clerical mistakes in judgments, orders or other parts of the record and errors arising therein from oversight or omission. . ." Code Ann. § 81A-160 (g). Both sides of this controversy admit that the dismissal was a mistake on the part of the court. Appellant had secured the continuance with the consent of appellee and had confirmed it by a letter to the court. The order of dismissal, then, falls squarely within the ambit of the above cited section; it is a part of the record of this case and arose therein from oversight.

2. Since we hold that the reinstatement of the case by the Superior Court of Cherokee County was within the scope of the corrective powers given by Code Ann. § 81A-160 (g), it follows that the lack of notice and the passage of the term of court in which the dismissal was entered is immaterial. The Code section allows mistakes to be corrected "at any time." Notice to the parties is made discretionary by the language of the statute: ". . . after such notice, *if any,* as the court orders." (Emphasis supplied.) The first two enumerations of error are,

accordingly, without merit.

3. The rest of the appellant's arguments are equally unavailing. In three enumerations of error, he attacks the transfer of the case to the state court by order dated October 20, 1976.

The first of these attacks alleges that the subject order contains a conditional statement of jurisdiction. The order recited that the first appeal in this case resulted in a reversal of an order of the state court on the ground that it had no jurisdiction. That finding was predicated on a lack of authority in the superior court to transfer the case. The complained of language in the order is clearly a recognition that this court had placed jurisdiction back in the superior court. It is not a conditional statement of jurisdiction.

4. In his second attack on the transfer, appellant argues that the prior decision of this court is the law of the case and precludes a transfer. The holding of this court that the Superior Court of Cherokee County was without authority to transfer the case is clearly based on the fact that the parties and the lower court failed to show any legal basis for the transfer. *Cook v. Kruger,* supra. The first order transferring this case is silent as to the court's authority for the transfer. But, the order from which this appeal is taken recites statutory authority: Ga. L. 1974, p. 2114. Section 27 of that Act, which created the State Court of Cherokee and Forsyth Counties, specifically grants to the superior court of those counties the authority to transfer eligible cases to the state court. Ga. L. 1974, p. 2123.

This appeal is from a different order than the first and this court has now been given the benefit of citation to the appropriate authority. *Cook v. Kruger,* supra, is, therefore, not applicable and not the law of the case for this appeal.

5. The last argument of appellant is that the order transferring this case cannot be made at the court's own initiative. The section of the Act creating the state court is silent as to the procedure for procuring a transfer from the superior court to the state court. The next section provides for the transfer of cases from the state court to the superior court and provides that it is to be done at the behest of

either party, with the consent of the other. Ga. L. 1974, pp. 2123, 2124. If the legislature had intended such a procedure to be necessary for a transfer from the superior court, it surely would have so indicated. In the absence of legislative guidance, we must assume the superior court was intended to have the authority to transfer cases on its own motion. We so hold.

In summary, we hold that the order reinstating this case was a valid exercise of the court's power to correct mistakes, Code Ann. § 81A-160 (g), and that the Superior Court of Cherokee County is authorized to transfer this case to the state court of that county.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 4, 1977 — DECIDED MARCH 18, 1977 — REHEARING DENIED MARCH 31, 1977.

*J. Dan Baer, Jr.,* for appellant.
*Thomas A. Roach,* for appellees.