### 53718. BARKETT et al. v. JONES et al.
### 53846. JONES v. BARKETT et al.

SHULMAN, Judge.

In 1975, Barkett, et al. (hereinafter Barkett), brought suit against Jones, et al. (hereinafter Jones), under a lease. That action was subsequently dismissed for want of prosecution. The dismissal was occasioned by the failure of Barkett or counsel to answer the call of the calendar and was evidenced by a standard dismissal stating that the case was ". . . dismissed without prejudice for want of prosecution. . ." Barkett later filed the same suit again. Upon a plea of res judicata made by Jones, the complaint was dismissed. It is from that dismissal that Barkett appeals.

Subsequent to the second dismissal, Jones made a motion to correct the record, alleging that the original dismissal should have been with prejudice. That motion, as amended, was based on Code Ann. § 24-104 (6). Jones appeals the denial of his motion.

1. The first order of dismissal clearly states that it is without prejudice. Such a dismissal is not an adjudication on the merits (Code Ann. § 81A-141; *Bowman v. Ware,* 133 Ga. App. 799 (3) (213 SE2d 58)), and is not a bar to a second suit. *Douglas v. Douglas,* 238 Ga. 452, 453 (233 SE2d 195). The dismissal of Barkett's second complaint was, therefore, error and requires reversal of that order.

2. The power given trial judges by Code Ann. § 24-104 (6) is to be used or withheld at their discretion. This court will not interfere with the exercise of that

discretion ". . . unless it is made to appear that wrong or oppression has resulted from its abuse." *Carr v. State,* 76 Ga. 592 (2c). We cannot say from the record before us that the court abused its discretion in denying Jones' motion to correct the record. The judge's denial of the motion must, therefore, be affirmed.

*Judgment reversed in 53718 and affirmed in 53846. Bell, C. J., Deen, P. J., Webb, Marshall, Smith and Banke, JJ., concur. Quillian, P. J., and McMurray, J., dissent.*

ARGUED APRIL 11, 1977 — DECIDED MAY 13, 1977 —
REHEARING DENIED JULY 14, 1977.

*Charles B. Rice, Alford Wall,* for Barkett et al.
*George C. Finch,* for Jones et al.

QUILLIAN, Presiding Judge, dissenting.

I dissent from Division 2 of the majority opinion. Code Ann. § 81A-160 (g) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) provides: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." See *Cook v. Kruger,* 141 Ga. App. 815, 816 (234 SE2d 402). See also *Hopper v. Williams,* 238 Ga. 612 (234 SE2d 525). In the case sub judice the trial judge had the authority to correct the judgment if it was entered by mistake.

It is clear from the transcript that was taken when the motion was heard that the trial judge denied the motion because he thought he did not have the authority to change the judgment which he had previously entered. Therefore, this case should be reversed with direction that the trial judge exercise his discretion on the motion.

McMURRAY, Judge, dissenting in part.

I concur in the dissent by Judge Quillian but not necessarily for the same reason.

Here, the trial judge admitted that his usual procedure under Rule 41 (Code Ann. § 24-3341) when a case is called for trial and counsel for the defendant

announces ready and no motion for continuance is made by the plaintiff, within three minutes, he dismissed "WOP," that is, for want of prosecution, as was shown by the court in the handwriting of the trial judge on the bench docket submitted in evidence in this case. Under CPA § 41 (Code Ann. § 81A-141(b); Ga. L. 1966 pp. 609, 653), without more, this was a ruling on the merits. See *Krasner v. Verner Auto Supply, Inc.,* 130 Ga. App. 892, 894 (204 SE2d 770); *Trice v. Howard,* 130 Ga. App. 895 (3) (204 SE2d 808); *Vaughan v. Car Tapes, Inc.,* 135 Ga. App. 178, 180 (1) (217 SE2d 436).

Unfortunately for movant, the court's secretary drew the order and not counsel for the movant and she used a rubber stamp dismissing "Without Prejudice" which the court signed automatically without reading as the court so stated in open court. The motion as made here was to correct the record to make the dismissal order speak the truth, which the court had authority to do. The court always has the inherent power to correct its records at any time to make them speak the truth. *Ellis v. Clarke,* 173 Ga. 618 (2) (160 SE 780); *Whittle v. Jones,* 198 Ga. 538 (5) (32 SE2d 94); *Hopper v. Williams,* 238 Ga. 612, 613 (234 SE2d 525); *Ellis v. Boykin,* 44 Ga. App. 227, 228 (161 SE 155); *Cook v. Kruger,* 141 Ga. App. 815 (1) (234 SE2d 402).

At this hearing counsel for appellant offered testimony by affidavit by one of the parties that when the case was called it was dismissed for want of prosecution with prejudice on motion of his counsel. This testimony cannot be ignored. Direct, positive, uncontradicted testimony cannot be arbitrarily disregarded. *Myers v. Phillips,* 197 Ga. 536 (4) (29 SE2d 700). The judge stated that he was ignoring this testimony completely, that one must have a legal excuse to change the record and that he felt he did not have authority to change the judgment, and he repeated several times, "I can't do it" and also "Well I'm not going to do it."

Under the circumstances the case should be reversed as the court erred in failing to consider the motion on the merits of the evidence before the court. The court simply cannot say, "I am not going to consider the motion." If the judgment is incorrect based on the evidence presented and what the court remembers about it, he does not have the

discretion to refuse to correct the record but must consider the matter before him based on the evidence and that which the court remembers about it. *George v. George,* 232 Ga. 389, 391 (1) (207 SE2d 26); *McDonald v. McDonald,* 233 Ga. 660 (2) (212 SE2d 830).

I therefore dissent in Case No. 53846 as I would reverse the judgment. However, under the state of the record, unless the judgment was amended to show it was dismissed and not "Without Prejudice," the court erred in Case No. 53718, wherein the same court sustained the plea of res judicata based on its earlier dismissal. The court was in error. The court should have sought a complete determination of the correctness of the record. Under the above circumstances, I would reverse in both cases. Hence, I concur with the majority in Case No. 53718 but not as to Case No. 53846.