57591. HOLIDAY INNS, INC. et al. v. PAGE.

BIRDSONG, Judge.

After the defendants answered the plaintiff's complaint, the plaintiff on September 12, 1978, filed a document signed by his counsel in the trial court which read as follows: "*VOLUNTARY DISMISSAL WITH PREJUDICE* 'Comes now, Plaintiff Michael Wayne Page, and dismisses this action against the Defendants above named *with prejudice.*'" (Emphasis supplied.)

On October 18, 1978, plaintiff moved for an order under CPA § 60 (g) (Code Ann. § 81A-160 (g)) to correct an alleged clerical error in the voluntary dismissal previously entered by "substituting the word 'without' for the word 'with' wherever used . . ." In the alternative, plaintiff moved to set aside the Voluntary Dismissal. Plaintiff's counsel tendered his affidavit in support of the motion wherein he averred that he intended to voluntarily dismiss without prejudice; that he "instructed my secretary to draft a Voluntary Dismissal"; that the secretary drafted a Voluntary Dismissal which he signed without noticing that it was a dismissal with prejudice. The trial court granted the motion by amending the voluntary dismissal nunc pro tunc by substituting the word "without" for "with" wherever used therein. The defendants have appealed from this order. *Held:*

1. The trial court's amendatory order was based on the discretionary power vested in it by CPA § 60 (g) (Code Ann. § 81A-160 (g)). It provides: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." The Supreme Court held in *Smith v. Smith,* 230 Ga. 238, 240 (196 SE2d 437) that ordinarily CPA § 60 (g), supra, should be used to modify or correct the record only "where the clerical error or omission is obvious on the face of the record." There is an exception to this general rule where there has been a hearing on a motion to correct the judgment and the evidence compels the conclusion that the omission was in fact a clerical error. *Smith v. Smith,* supra; and *Cagle v. Dixon,* 234 Ga.

698 (217 SE2d 598). The error or omission here is not obvious on the face of the record. The voluntary dismissal filed by plaintiff shows in two glaring places that it was made "with prejudice," which in law adjudicates the non-liability of these defendants to the plaintiff. *Rowland v. Vickers,* 233 Ga. 67 (209 SE2d 592). The exception to the general rule cannot apply. While there was a hearing on the motion, neither the face of the document nor the evidence compels the conclusion that the error was in fact a clerical error. The only evidence on the issue is contained in the affidavit of the counsel for plaintiff. He stated that he did not notice that the dismissal was drafted with the phrase "with prejudice." Nowhere does he aver that his secretary prepared what she did not intend in drafting the document. Lastly, defendants do not concur or admit that a clerical error was made as was the case in *Smith v. Smith,* supra. The trial court abused its discretion in amending the voluntary dismissal under the authority of CPA § 60 (g), supra.

2. Plaintiff's voluntary dismissal with prejudice was made and filed without an order of court as provided by statute. See CPA § 41 (a) (Code Ann. § 81A-141 (a)). This dismissal by the spontaneous action of the plaintiff (a party to the suit) and the subsequent order of the court amending the *plaintiff's* personal choice to dismiss nunc pro tunc, were all entered during the same term of the Superior Court of Fulton County. Plaintiff contends that the case falls within the rule that a *judgment,* not based on the verdict of a jury, but on the *act of a judge,* remains in the breast of the court during the term in which it is rendered, and in the exercise of a sound discretion the judge may set it aside. *Martin v. General Motors Corp.,* 226 Ga. 860 (178 SE2d 183). Plaintiff argues that his voluntary act in dismissing this suit is technically a judgment as it adjudicates the merits of his claim and therefore would come within this rule. A judgment has been defined as the official and authentic decision of a court on respective rights and claims of parties to an action therein litigated and *submitted for its determination. Oxford v. Generator Exchange,* 99 Ga. App. 290 (108 SE2d 174). The facts here show that plaintiff invoked no ruling of a trial judge or court when he filed his

voluntary dismissal. The act for which he seeks correction was of his own making and not that of a judge which had been submitted to him for determination. Consequently, it cannot be held that the voluntary dismissal by a party under these facts would be elevated to the dignity of a judgment simply because it had the accompanying legal effect of adjudicating the merits of the claim. Moreover, it would appear that the purpose of CPA § 41 (a) is to allow a plaintiff to withdraw a pending action from the bosom of the court thereby obviating the requirement for a ruling thereon by the court. Therefore, this case does not fall within the foregoing rule relative to the setting aside of a judgment within the same term of court. This applies equally to the codified rule found in Code § 24-104 (6), that a court has inherent power to amend and control *its* processes and orders. But even if the dismissal here was a judgment, the rule authorizing a court to set aside a judgment during the term in which it is rendered is a discretionary power and may be exercised only where a meritorious reason has been shown. *Hicks v. Hicks,* 226 Ga. 798 (177 SE2d 690). The only reason advanced is the clerical error concept which we have previously rejected.

*Judgment reversed. Quillian, P. J., Shulman, and Banke, JJ., concur. McMurray, P. J., concurs in the majority opinion and also concurs specially. Deen, C. J., Smith, Underwood and Carley, JJ., dissent..*

SUBMITTED APRIL 4, 1979 — DECIDED JULY 16, 1979 — REHEARING DENIED JULY 30, 1979 —

*Lokey & Bowden, Glenn Frick, Robert P. Bleiberg,* for appellants.

*Scheer & Elsner, Robert A. Elsner,* for appellee.

McMURRAY, Presiding Judge, concurring specially.

I agree fully with the majority opinion and all that is said therein and the reversal of the trial court. However, I desire to add the following due to the recent decision of *Albert v. Bryan,* 150 Ga. App. 649.

In the case sub judice the plaintiff voluntarily dismissed his petition with prejudice *on September 12,*

*1978.* More than thirty days later, plaintiff moved the court to correct an alleged clerical error in his voluntary dismissal, i.e., to change it from dismissal *with prejudice* to dismissal *without prejudice.* The motion was allowed, amending the dismissal nunc pro tunc. Be that as it may, the petition was no longer before the court as it had been voluntarily dismissed. At that point in time there was nothing before the court for consideration by it.

As has been clearly stated in *Waldor v. Waldor,* 217 Ga. 496 (1) (123 SE2d 660) at page 497, the dismissal of plaintiff's petition removed the case from the court and, further, after dismissal there is no case in court. See also the various citations for the ruling made by the Supreme Court in that case.

In *Albert v. Bryan,* 150 Ga. App. 649, supra, there was a voluntary dismissal of a notice of appeal by counsel for the appellant. In that case the trial court did the very same thing as here, i.e., attempted to resurrect the case and allow it to proceed in this court. While that case is not directly on all-fours with this case, in both of these instances the dismissals were acts of counsel for the parties and not the action of the court.

SMITH, Judge, dissenting.

Code Ann. § 24-104 (6) states that every court has the power "[t]o amend and control its processes and orders, so as to make them conformable to law and justice; and to amend *its own records,* so as to make them conform to the truth." (Emphasis supplied.) "The judge has a discretion in *regulating and controlling the business of the court,* and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from its abuse." *Banister v. Hubbard,* 82 Ga. App. 813, 816 (62 SE2d 761) (1950). (Emphasis supplied.) Under the ruling in *Cagle v. Dixon,* 234 Ga. 698 (217 SE2d 598) (1975), the trial judge had every reason to modify the order involved here. The court in the *Cagle* case stated, at p. 700: "In summary, *Smith* states the rule that ordinarily a judgment should be modified under Code Ann. § 81A-160 (g) only 'where the clerical error or omission is obvious on the face of the record.' However, both *Smith* and *Park* recognize an

exception to this general principle where there has been a hearing on a motion to correct the judgment, and the evidence compels the conclusion that the omission was in fact a clerical error." This court in *McCarthy v. Garcia,* 132 Ga. App. 426 (208 SE2d 198) (1974) affirmed a case in which the trial court, during the same term, after a hearing, substituted the words "without prejudice" where there had previously been the words "with prejudice."

CPA § 60 (g), supra, dealing with clerical mistakes, reads, "Clerical mistakes in judgments, orders or *other parts of the record* and errors therein arising . . . may be corrected by the court at any time . . . on the motion of any party and after such notice, if any as the court orders." (Emphasis supplied.) *Cook v. Kruger,* 141 Ga. App. 815 (1) (234 SE2d 402) (1977), states in very clear terms that an order of dismissal erroneously entered by the court "is a part of the record of this case and arose therein from oversight." This court approved the correction made in a part of the record of the *Cook* case, using CPA § 60 (g), supra, as its authority. The case at bar is certainly a like case. Here there is a mistake in the record before the court. The fact that the appellee dismissed the case does not keep the case from being a court record. It was filed in the court, served and later dismissed. This entire record, including the dismissal, is a court record; otherwise there would be no concern about the dismissal, because if this is not a binding and lasting court record, it would not be binding on the appellee herein. In *Farmers Mut. Fire Ins. Co. v. Pollock,* 52 Ga. App. 603 (184 SE 383) (1936), the court inadvertently signed an order dismissing the case on a demurrer. This court allowed the judge, at a subsequent term, to correct this error. Whether the court or appellee filed a dismissal, it is still a court record and may be corrected as per CPA § 60 (g), supra. If this dismissal is allowed to stand, appellee cannot refile, because it would be res judicata. The entire proceeding is a court record upon which all parties rely. To say otherwise is to say the trial court has the authority to use the record to deny a refiling on the grounds of dismissal with prejudice but does not have the authority to correct it as provided by CPA § 60 (g), supra.

I feel that every effort short of an obvious abuse of

discretion should be made to give a party his day in court. We are going a long way to substitute our judgment for that of the trial judge in this case. No attorney in his right mind would voluntarily dismiss his complaint "with prejudice," and we are invading the province of the trial judge to say he abused his discretion. He was present, knew the parties, the facts and circumstances surrounding the case and is in a much better position to determine whether or not any wrong would result from his amending the order nunc pro tunc, which he can do. *Israel v. Joe Redwine Ins. Agency,* 120 Ga. App. 14, 16 (169 SE2d 347) (1969).

I am authorized to state that Chief Judge Deen, Judge Underwood and Judge Carley join in this dissent.