35533. PAGE v. HOLIDAY INNS, INC. et al.

UNDERCOFLER, Presiding Justice.

This is a certiorari. *Holiday Inns v. Page,* 151 Ga. App. 55 (258 SE2d 909) (1979). The Court of Appeals held that the plaintiff's voluntary dismissal of his action "with prejudice" should not have been corrected as a clerical error under Code Ann. § 81A-160 (g) to show "without prejudice." We reverse.

The plaintiff's attorney dictated and signed the order of dismissal, which was then filed, without reading it to insure that it stated "without prejudice." He intended to voluntarily dismiss the action and refile against the same defendants plus an additional defendant. He had this right under Code Ann. § 81A-141 (a). Defendants assert no facts showing appellant intended to preclude his right to refile his action. The motion to correct was filed promptly within the same term and there are no issues of laches, stale claims, or estoppel. The trial judge permitted the correction after hearing.

A voluntary dismissal under Code Ann. § 81A-141 (a)

is a matter of right and terminates the action. It is not a judgment of the court but it is an order in the case by virtue of the statute. Code Ann. § 81A-160 (g) provides, "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court . . ." In our opinion a voluntary dismissal is an "order" within the meaning of Code Ann. § 81A-160 (g), and subject to correction as provided therein.

The voluntary dismissal here "with prejudice" was plainly a mistake. It was discovered promptly and immediate action taken to have the error corrected. The defendants claim no prejudice beyond that which is experienced from a voluntary dismissal without prejudice. Our brethren on the Court of Appeals are sharply divided but we are of the unanimous view that the evidence here compels a conclusion that the error was a clerical mistake and its correction was proper. *Cagle v. Dixon,* 234 Ga. 698 (217 SE2d 598) (1975).

*Judgment reversed. Nichols, C. J., Jordan, Hill, Bowles and Marshall, JJ., and Judge Charles L. Weltner, concur. Clarke, J., not participating.*

ARGUED NOVEMBER 14, 1979 — DECIDED
JANUARY 3, 1980.

*Robert A. Elsner,* for appellant.
*Glenn Frick, Robert P. Bleiberg,* for appellees.