### 60441. GEORGIA POWER COMPANY v. MOULTON et al.

SHULMAN, Judge.

Georgia Power Company-condemnor appeals the denial of its motion to vacate a court ordered reinstatement of a previously dismissed condemnation action. Appellant contends that the trial court lacked the authority to set aside, sua sponte, a final judgment (dismissing the action between it and condemnee-Moulton) at a term subsequent to that in which the final judgment was entered. We disagree and, accordingly, affirm the judgment of the trial court.

In its order denying appellant's motion to vacate the reinstatement, the court stated as follows: "That this Court finds, as a matter of fact, that the order of this Court dated August 21, 1979, dismissing the above-stated case was done and entered by this Court *through mistake and inadvertence,* and the Court further finds, as a matter of fact, that the Court had, previous to August 21, 1979, advised and informed Peter Zack Geer, attorney for Condemnee, that the case would not be called and disposed of until further notice from the Court, and that no further notice was in fact given to the said Peter Zack Geer." (Emphasis supplied.)

"The Civil Practice Act contains a section which provides for the correction of '[c]lerical mistakes in judgments, orders or other parts of the record and errors arising therein from oversight or omission . . .' Code Ann. § 81A-160 (g)." *Cook v. Kruger,* 141 Ga. App. 815, 816 (1) (234 SE2d 402). The trial court held as a matter of fact that the judgment dismissing the action was a mistake and inadvertent. We therefore hold, in accordance with *Cook,* that the reinstatement of the case by the Superior Court of Miller County was within the scope of its corrective powers under Code Ann. § 81A-160 (g). "[I]t follows that the lack of notice and the passage of the term of court in which the dismissal was entered is immaterial. The Code section allows mistakes to be corrected 'at any time.' Notice to the parties is made discretionary by the language of the statute: '. . . after such notice, *if any,* as the court orders.' (Emphasis supplied.)" Id., Division 2.

Despite the fact that the order of reinstatement was entered at a term of court subsequent to that in which the dismissal was entered,

the judgment of the trial court denying appellant's motion to vacate the reinstatement is affirmed in accordance with the binding authority of *Cook,* supra.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED SEPTEMBER 15, 1980 — DECIDED NOVEMBER 17, 1980 — REHEARING DENIED DECEMBER 4, 1980 —

*Leonard H. Conger, B. Thomas Conger,* for appellant.
*Peter Zack Geer, Ronald H. Rentz,* for appellees.

