## A05A0254. SOFRAN PEACHTREE CITY, LLC v. PEACHTREE CITY HOLDINGS, LLC.
(614 SE2d 111)

JOHNSON, Presiding Judge.

In 1995, Sofran Peachtree City, LLC bought from Peachtree City Holdings, LLC real property that was subject to a 20-year no-building restriction. In 1999, Sofran filed a declaratory judgment action against Peachtree City Holdings (PCH), seeking a determination of the parties' rights under the no-building restriction. PCH filed a counterclaim which included, among other things, a claim for a contractual right to recover expenses of litigation.

The parties filed opposing motions for summary judgment. PCH's summary judgment motion included a specific request to recover its expenses of litigation. On October 13, 2000, the trial court entered its

---

[1] *Hammond v. Carnett's, Inc.*, 266 Ga. App. 242 (596 SE2d 729) (2004).
[2] *Carnett's, Inc. v. Hammond*, 279 Ga. 125 (610 SE2d 529) (2005).

order denying Sofran's motion for summary judgment and granting PCH's motion for summary judgment in its entirety.

Sofran appealed from that judgment, but did not raise the issue of attorney fees on appeal. This court affirmed the trial court's summary judgment ruling.[1] On July 9, 2001, the trial court entered judgment on remittitur.

In May 2002, PCH moved for summary judgment as to the amount of attorney fees and expenses, claiming $62,695. In responding to the motion, Sofran did not challenge the amount of expenses claimed, but argued only that the trial court could not amend its prior summary judgment order after the expiration of the term of court in which it had been entered.

On June 30, 2004, the trial court granted summary judgment to PCH, awarding it attorney fees in the amount of $62,695, plus post-judgment interest at the maximum legal rate. In that order, the trial judge held that in his October 13, 2000 order he had granted PCH's claim for attorney fees by granting PCH's summary judgment motion in its entirety; that he had drafted the order and from oversight or omission he had failed to reserve for final determination the amount of attorney fees and expenses; that the October 13, 2000 order should be amended to provide that the determination of the amount of litigation expenses is reserved; and that it appears that PCH is entitled to attorney fees and expenses in the amount of $62,695, plus post-judgment interest.

Sofran appeals from that ruling. As below, Sofran does not challenge the amount of attorney fees awarded by the trial court. Instead, it argues that the trial court improperly amended its final judgment beyond the term of court in which it had been entered. The argument is without merit, and we thus affirm the trial court's judgment.

Generally, a court does not have the power to modify a judgment in any matter of substance after the expiration of the term at which the judgment was entered.[2] However, OCGA § 9-11-60 (g) provides: "Clerical mistakes in judgments, orders, or other parts of the record *and errors therein arising from oversight or omission* may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."[3] In construing this Code section, our Supreme Court has stated: "If words, sentences, or paragraphs are omitted from a judgment, and if there is no factual dispute between or among the parties about such

---

[1] *Sofran Peachtree City v. Peachtree City Holdings,* 250 Ga. App. 46 (550 SE2d 429) (2001).
[2] *Lee v. Restaurant Mgmt. Svcs.,* 232 Ga. App. 902, 903 (1) (503 SE2d 59) (1998).
[3] (Emphasis supplied.)

error or omission, the judgment may be corrected under [OCGA § 9-11-60 (g)]."[4]

In the instant case, the trial judge expressly found that in drafting the original summary judgment order he had, through oversight or omission, failed to reserve the matter of the amount of attorney fees for final determination. There is no evidence in the record to contradict this finding. While Sofran makes the *legal* argument that the trial court erroneously relied on OCGA § 9-11-60 (g), it cites no evidence in the record creating a *factual* dispute as to the trial court's own admission that its failure to reserve the matter of the amount of attorney fees for final determination was due to oversight or omission. Since there is no evidence in the record to refute this finding by the trial judge, it must be affirmed.[5]

Because the trial court failed to reserve the issue of the amount of attorney fees for later determination through mere oversight or omission, it was authorized, under OCGA § 9-11-60 (g), to correct such omission in its October 2000 summary judgment order at any time.[6] Accordingly, the trial court did not err in modifying that order to expressly reserve the matter of the amount of attorney fees for later determination.

We note that this case is materially different from *Capital Cargo v. Port of Port Royal*,[7] in which we found that a trial court improperly relied on OCGA § 9-11-60 (g) to add to its final judgment a new category of damages — some $28,000 in prejudgment interest — after the expiration of the term of court in which the judgment had been entered.[8] Unlike the trial court in that case, the trial court in the current case has not added a new category of damages to its original judgment. Rather, the court's original judgment entitled PCH to recover the very category of damages in question — expenses of litigation. That judgment simply failed to reserve for later determination the final amount of such expenses.

As discussed above, that error of omission or oversight was properly corrected pursuant to OCGA § 9-11-60 (g). And since Sofran has not challenged the trial court's finding as to the amount of litigation expenses to which PCH is entitled, that issue is not before us.

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

---

[4] *Park v. Park*, 233 Ga. 36, 38 (209 SE2d 584) (1974).

[5] See id. at 38.

[6] See generally *Nodvin v. West*, 197 Ga. App. 92, 93-94 (1) (397 SE2d 581) (1990).

[7] 261 Ga. App. 803 (584 SE2d 54) (2003).

[8] Id. at 805 (1).

DECIDED APRIL 14, 2005.

*Scoggins & Goodman, Luke A. Kill,* for appellant.
*Wilson & Lakes, Anthony O. Lakes, L. Matt Wilson, Kimbrell & Burgar, Marko L. Burgar,* for appellee.