A05A1336. SANSON et al. v. STATE FARM FIRE & CASUALTY COMPANY.
(623 SE2d 743)

PHIPPS, Judge.

The issue presented is whether the trial court should have permitted an attorney to rescind a dismissal with prejudice that he signed and filed by mistake. Applying our Supreme Court's decision in *Page v. Holiday Inns,*[1] we conclude that the trial court abused its discretion by not permitting the correction. Accordingly, we reverse.

This case arose from an automobile collision involving vehicles driven by Christina Danielle Baird and Kesner Simon. Simon and his wife sued Baird; Baird counterclaimed against Simon; and the mother of Melissa Sanson, a passenger in Baird's car, intervened on Sanson's behalf. Simon was insured by GuideOne Insurance Company, which agreed to make payments up to the limits of its policy to Baird, Sanson, and another motorist injured in the collision. GuideOne's payment to Baird fully exhausted all policy limits applicable to her, and she agreed to sign a general release in exchange for the payment. GuideOne's payment to Sanson, however, did not exhaust all policy limits applicable to her, as coverage remained under her underinsured motorist policy with State Farm Fire & Casualty Company and under Baird's underinsured motorist policy with USAA. Therefore, to retain her right to proceed against these UM carriers, Sanson was to sign a limited release with no dismissal.

GuideOne prepared the settlement documents for both Sanson and Baird, who at that time were represented by the same attorney. GuideOne inadvertently prepared the same documents for both Sanson and Baird — a full release and dismissal with prejudice of all claims against Simon — even though the parties had intended for Sanson to sign a limited release with no dismissal. The attorney signed both general releases, along with numerous other documents, not realizing that the wrong documents had been prepared for Sanson. After signing and filing Sanson's general release and dismissal, but before realizing the mistake, Sanson's attorney continued to pursue her claims against State Farm and USAA.

[1] 245 Ga. 12 (262 SE2d 783) (1980).

When Sanson's attorney realized the mistake, he notified Guide-One's attorney, who agreed to nullify the original release and replace it with a limited release. USAA also agreed to the rescission and replacement. Sanson's attorney filed a consent motion to rescind the dismissal with prejudice, and attorneys for Baird,[2] Simon, and USAA signed it. State Farm, however, did not consent to the motion, and the trial court refused to grant it without the consent of all parties. State Farm then moved for judgment on the pleadings, pointing to the dismissal with prejudice signed by Sanson. The trial court granted that motion.

Sanson argues that the court should have granted her motion to rescind the dismissal under OCGA § 9-11-60 (g) because it was a clerical mistake. We agree.

That Code section provides:

> Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

A dismissal with prejudice operates as a judgment on the merits.[3] Where an error in a judgment arises from oversight or omission, and there is no factual dispute about the error, the trial court may correct the judgment in accordance with OCGA § 9-11-60 (g).[4] The facts in this case demonstrate that a clerical error was made by mutual mistake of the parties, resulting in an erroneous judgment — the dismissal with prejudice. And, under our Supreme Court's decision in *Page v. Holiday Inns*,[5] the trial court abused its discretion by not allowing correction of that error.

In *Page*, the plaintiff's attorney intended to voluntarily dismiss the action without prejudice and refile it against the same defendant, plus an additional defendant.[6] But the attorney mistakenly signed and filed an order dismissing the case "with prejudice."[7] Upon discovering the mistake, the attorney moved to correct it under the

---

[2] Baird had separate representation at this point.

[3] See *Robinson v. Stokes*, 229 Ga. App. 25, 27 (1) (493 SE2d 5) (1997); *Nat. Foundation Co. v. Post, Buckley &c., Inc.*, 219 Ga. App. 431, 432 (1) (465 SE2d 726) (1995).

[4] See *Smith v. Smith*, 230 Ga. 238, 240-241 (196 SE2d 437) (1973); *Sofran Peachtree City, LLC v. Peachtree City Holdings, LLC*, 272 Ga. App. 851, 852-853 (614 SE2d 111) (2005).

[5] Supra.

[6] 245 Ga. at 12.

[7] *Holiday Inns v. Page*, 151 Ga. App. 55 (258 SE2d 909) (1979), rev'd, *Page v. Holiday Inns*, supra.

predecessor to OCGA § 9-11-60 (g), and the court granted his motion.[8] Because the attorney had promptly discovered his error and taken immediate action to correct it, and because the defendant had claimed no prejudice "beyond that which is experienced from a voluntary dismissal without prejudice," the Supreme Court ruled that the trial court had properly allowed the attorney to correct the error.[9]

*Page* is indistinguishable from this case and is therefore controlling. Sanson's attorney signed and filed the general release and dismissal with prejudice because of a mistake. As soon as he discovered the mistake, he took steps to correct it. State Farm has claimed no prejudice, and allowing the correction would merely place it in the position it expected to be in before it realized that Sanson's attorney had signed and filed the wrong papers. Under these circumstances, as in *Page*, the trial court should have allowed the correction.

The dissent notes that an abuse of discretion standard guides our review of a trial court's decision whether to allow correction of clerical mistakes in judgments.[10] But under materially identical facts in *Page*, the Supreme Court ruled: "[W]e are of the unanimous view that the evidence here *compels* a conclusion that the error was a clerical mistake and its correction was proper."[11] If the evidence *compelled* a conclusion that the error was a clerical mistake and its correction was proper, it follows that the trial court would not have been equally free to disallow correction. The same reasoning applies here. The trial court abused its discretion by denying Sanson's motion to correct the error.

*Judgment reversed. Ruffin, C. J., Johnson, P. J., Blackburn, P. J., Barnes and Mikell, JJ., concur. Andrews, P. J., dissents.*

ANDREWS, Presiding Judge, dissenting.

The sole issue in this case is whether the trial court abused its discretion in denying a motion to rescind a dismissal with prejudice signed by Sanson's attorney. Because there is nothing in the record before us showing an abuse of discretion in the trial court's decision, I believe this Court is improperly substituting its judgment for that of the lower court. Accordingly, I must respectfully dissent.

Under OCGA § 9-11-60 (g), clerical mistakes in judgments, orders, or other parts of the record *may* be corrected by the court at any time. Accordingly, although I agree that the trial court had the authority to correct the error, I find no support for the contention that

---

[8] Id.

[9] *Page*, 245 Ga. at 13.

[10] See OCGA § 9-11-60 (g) (providing that trial court "may" correct oversights and omissions).

[11] *Page*, 245 Ga. at 13 (citation omitted; emphasis supplied).

the trial court had the *obligation* to do so. The Code section is clearly permissive, not mandatory. Accordingly, the decision whether to grant motions to correct clerical mistakes under this Code section remains entirely within the broad discretion of the trial court.

Further, and contrary to the majority's opinion, I do not agree that *Page v. Holiday Inns*, 245 Ga. 12 (262 SE2d 783) (1980), mandates a different conclusion. In that case, the attorney dictated and signed a voluntary order of dismissal with prejudice. The attorney did not read the order before signing it to insure that it stated "without prejudice" as was his intention. Id. I agree that *Page* appears to be applicable in this case and would have supported a decision to grant the motion to set aside under OCGA § 9-11-60 (g). *Page* can also be read, however, to support the trial court's decision not to grant the motion. In *Page*, the Supreme Court upheld the trial court's decision and reversed the Court of Appeals' holding that the trial court had abused its discretion. See *Holiday Inns v. Page*, 151 Ga. App. 55 (258 SE2d 909) (1979). Likewise, on the record before us, I find nothing to support an abuse of discretion by the trial court in this case.

DECIDED NOVEMBER 28, 2005.

*Richard D. Hobbs*, for appellants.

*Barrickman, Allred & Young, William B. Barrickman, Sharon W. Ware & Associates, Kay D. Thompson, Savell & Williams, Robert E. Mulholland, Goodman, McGuffey, Lindsey & Johnson, Thomas J. Lehman*, for appellee.