### 8667.  BOARD OF EDUCATION OF ROCKDALE COUNTY *v.* GRESHAM.

1. A motion for a new trial is not an appropriate remedy to contest the
jurisdiction of the court. 29 Cyc. 759; *Evans* v. *Allgood*, 16 *Ga. App.*
24, 27 (84 S. E. 603); *Heery* v. *Burkhalter*, 113 *Ga.* 1043 (39 S. E.
406); *Hawkins* v. *Chambliss*, 120 *Ga.* 614 (2) (48 S. E. 169).
2. The evidence demanded the verdict for the plaintiff, and the court did
not err in directing it.

DECIDED DECEMBER 14, 1917.

Complaint; from Rockdale superior court—Judge Smith.  Oc-
tober 6, 1916.

This was a suit against the board of education of Rockdale
county for an amount claimed to be due to the plaintiff for serv-
ices as teacher in New Pleasant Hill School, situated in DeKalb
county, near the line of Rockdale county.  The amount sued for
was a part of her salary proportioned to the number of children
attending the school from Rockdale county, relatively to the total
number of children in the school.  The evidence shows that the
claim was made out and presented to the defendant, which refused

to pay it. The correctness of the items of the account was not disputed, and it was shown by uncontradicted evidence that the school in DeKalb county was nearer the residences of the children who attended it from Rockdale county, and was more accessible to them, than any public school in the county of their residence.

*A. C. & J. H. McCalla,* for plaintiff in error.

*L. J. Steele,* contra.

JENKINS, J. (After stating the foregoing facts.) Section 1378 of the Civil Code of 1895 was as follows: "In special cases, to meet the demands of convenience, children residing in one subdistrict may, by express permission of the county board, attend the common schools of another subdistrict; and when a common school is located near a county line, children from an adjoining county may, by the consent of the county boards of the respective counties, be permitted to attend the school. In such cases the teacher shall make out· two accounts, one against each county board, in amount proportioned to the number of children in the school from the respective counties." In 1903 the General Assembly so amended this provision as to read as follows: "In special cases, to meet the demands of convenience, children residing in one subdistrict may, by express permission of the county board, attend the common schools of another subdistrict; and when a common school is located near a county line, children from an adjoining county *shall* be permitted to attend the school: Provided, such children reside nearer such school, or said school is more accessible to the residences of such children than any public school in the county of their residence. In such cases the teacher shall make out two accounts, one against each county board, in amount proportioned to the number of children in the school from the respective counties." Civil Code (1910), § 1509. Counsel for the plaintiff in error contend that the word "shall," as above italicised by us, should be construed as having the meaning of "may;" but since the legislature by specific amendment manifested its intent by not only striking from the law, as originally enacted, the words, "by consent of the county boards of the ·respective counties," but by substituting the word "shall" in lieu of the word "may" as originally used, we are without power to give to the present statute the interpretation now asked for by counsel. It appears that the purpose of the legislature was to make such right of attendance

independent of any permissive authority of the county boards, the only condition to such right of attendance under the present statute being the added requirement that such children shall reside nearer such school, or that it shall be more accessible to the residences of such children than any public school in the county of their residence. The sole condition thus prescribed by the statute being met by the evidence, and it being undisputed, the verdict for plaintiff was demanded, and there was no error in directing the same.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*