## 22374. HERRING *v.* CITIZENS BANK OF CAIRO.

BROYLES, C. J. 1. "All State, county, city, or other tax fi. fas., before or after legal transfer and record, shall be enforced within seven years from the date of their issue, or within seven years from the time of the last entry upon the tax fi. fa. by the officer authorized to execute and return the same, if said entry is properly entered by said officer upon the execution docket and books in which said entries are now required to be made in cases of entries on executions issued on judgments." Civil Code (1910), § 1147.

2. "All laws in reference to a period of limitation as to ordinary executions for any purpose, or to the length of time or circumstances under which they lose their lien in whole or in part, are made applicable to tax fi. fas." Civil Code (1910), § 1148.

3. Under the general law, and under sections 5, 6, and 8 of the act of 1911, amending the charter of the City of Cairo (Ga. L. 1911, p. 881), "the fi. fa. issued by the city was in the nature of a tax fi. fa., and governed by the same procedure, and must be taken to be subject to the same period of limitation." *Lewis* v. *Moultrie Banking Co.,* 36 *Ga. App.* 348 (136 S. E. 554) ; Civil Code, § 4732.

4. "Any judgment hereafter rendered in this State shall become dormant and shall not be enforced, if seven years elapse before execution is issued thereon and entered on the general execution docket of the county wherein such judgment is rendered. Such judgment shall likewise become dormant, if seven years shall elapse at any time after execution is issued thereon without an entry on the execution by an officer authorized to execute and return the same, and such entry recorded on said docket with the date of such record entered by the clerk. It shall not hereafter be necessary, in order to prevent such dormancy, that such entry be recorded or such execution entered on any other docket. Such judgment may be revived by scire facias or sued on within three years from the time it becomes dormant." Park's Code, § 4357(a).

5. While the proceeding in this case is on its face a proceeding in rem (*Norman* v. *Moultrie,* 157 *Ga.* 388 (2), 121 S. E. 391), the decisions of our appellate courts, holding that a judgment in rem founded on the foreclosure of a mortgage does not come within the dormant-judgment act, are not applicable to the present proceeding. "Here, contrary to what is true in a mortgage-foreclosure proceeding, there is no contrac-

tual lien, fixing a period of limitation different from that provided by the statute, to fall back on, so as to prevent the bar of the dormant-judgment act." *Lewis* v. *Moultrie,* supra.

6. "All defects which appear on the face of the pleadings may be taken advantage of by motion." Civil Code (1910), § 5629.

7. In the instant case an execution was issued on October 21, 1919, in favor of the City of Cairo and against the estate of Mrs. C. A. Mauldin, deceased, for the purpose of enforcing a paving-assessment lien. The execution showed upon its face that it was levied on certain described property on October 21, 1919, and that on the same date it was transferred by the marshal of the City of Cairo to C. E. Mauldin and B. W. Mauldin (two of the five heirs of the estate), and that on the same date the said Mauldins transferred it to the Citizens Bank of Cairo. Neither the execution nor the transfers thereof were ever recorded on the general execution docket in the office of the clerk of the superior court of Grady county. The next entry of any levy appearing on the execution docket is dated February 4, 1931, which was more than eleven years subsequent to the date of the first levy. It does not appear either on the face of the execution or from the records of acts upon the public dockets of the court that during those eleven years there was any bona fide public effort to collect the debt. After the levy of 1931 a claim to the property levied on was filed by P. H. Herring, claiming under the Mauldin heirs. Upon the trial the claimant made a timely motion to dismiss the levy, and the petition in aid of the levy, upon the ground, among others, that "the execution shows on its face that it is dead." The motion was overruled, and the claimant excepted. *Held,* that under the foregoing rulings the execution showed upon its face that it was as dead as the proverbial "doornail." The court erred in denying the motion to dismiss. *Judgment reversed. Luke and Hooper, JJ., concur.*

DECIDED AUGUST 31, 1932. REHEARING DENIED OCTOBER 1, 1932.

*M. L. Ledford, G. L. Worthy,* for plaintiff in error.
*S. P. Cain,* contra.