37540.   OXFORD, Commissioner *v.* GENERATOR EXCHANGE, INC.

DECIDED MARCH 5, 1959—REHEARING DENIED MARCH 19, 1959.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Robert
H. Walling, John M. Bowling, Deputy Assistant Attorneys-General,* for plaintiff in error.

*Walter A. Smith,* contra.

CARLISLE, Judge. The court having sustained some of the general demurrers on particular grounds and in effect having terminated the case, if its judgment was correct for any reason, a judgment of affirmance will result. While perhaps the judgment of the trial court, which held that the fi. fas. having been issued against "Generator Exchange" were issued against a non-existent defendant, and, therefore, were a nullity, and that the superior court, having no original jurisdiction to issue tax fi. fas., was without jurisdiction to amend a defectively issued tax fi. fa., may have been correct, it is the view of this court that it is unnecessary to decide that question in this case.

The record shows, as stated above, that the fi. fas. covering taxes due for fiscal years ending June 30, 1947, and June 30, 1948, were each issued on November 1, 1949. Neither of these fi. fas. appears to have ever been entered on the general execution docket of the county wherein the principal office of the defendant corporation is, or was, located, and neither fi. fa. bears any entry of a levy on any property of the defendant or of any attempt thereat.

The plaintiff in error contends that the provisions of Code Chapter 110-10 relating to dormant judgments and their revival are applicable to "dormant tax executions." This contention is based upon a reliance on the wording of Code § 92-7702 which was taken from Section 2 of the act approved October 13, 1887, as construed and applied by the Supreme Court in *Georgia R. & Bkg. Co.* v. *Wright*, 124 *Ga.* 596, 621 (53 S. E. 251). The plaintiff in error also relies on *Webb* v. *City of Atlanta*, 186 *Ga.* 430 (198 S. E. 50), *Darby* v. *DeLoach*, 190 *Ga.* 499 (9 S. E. 2d 626), *Lewis* v. *Moultrie Banking Co.*, 36 *Ga. App.* 347 (136 S. E. 554), and *Herring* v. *Citizens Bank of Cairo*, 45 *Ga. App.* 646 (165 S. E. 838), as sustaining its contention that "dormant tax executions" may be revived under the provisions of Code Ch. 110-10. However, none of these cases involved the question of whether "dormant tax executions" could be revived.

While it is true that the caption of Code Ch. 92-77 and the black letter heading of § 92-7701 used the word "Dormancy" and "Dormant", the use of these terms by the codifiers could have no effect to change the substance of the law as enacted by the legislature in the original act itself. Headings and classifications inserted by the codifiers in a code of laws even though such code be adopted by the legislature as an "official code" are not the law and cannot be effective to amend the original enactment from which the codification was taken, or to alter its meaning and make it mean something other than what it meant before the adoption of the code. See *Battle* v. *Shivers*, 39 *Ga.* 405, 407, and *Blocker* v. *Boswell*, 109 *Ga.* 230, 235 (34 S. E. 289). Keeping this fundamental principle in mind, and referring to the act approved October 13, 1887 (Ga. L. 1887, p. 23), which act was an act "to prescribe the time within which tax fi. fas. may be enforced", and examining the language of this act, we find no reference therein to "the dormancy of tax fi. fas.," though it is true that the compiler of the act used the word "dormant" in his marginal notes which are not a part of the law. This act provides that "all State, county, city or other tax fi. fas. before or after legal transfer and record *shall* be enforced within seven years from the date of their issue, or within seven years from the time of the last entry upon the tax fi. fa. by the officer au-

thorized to execute and return the same if said entry is properly entered by said officer upon the execution docket and books in which said entries are now required to be made in cases of entries or executions issued on judgments." (Italics ours). It is well to keep in mind in interpreting this enactment of the legislature the word "shall" which we have italicized, the use of which makes the enforcement of tax fi. fas. within the period therein specified mandatory, rather than merely permissive. See *Garrison* v. *Perkins,* 137 *Ga.* 744, 755 (74 S. E. 541), *Board of Education of Rockdale County* v. *Gresham,* 21 *Ga. App.* 440 (94 S. E. 641), and *Town of Fort Oglethorpe* v. *Catoosa County,* 80 *Ga. App.* 188, 191 (55 S. E. 2d 753).

However, counsel for the plaintiff in error contend that the reference contained in Section 2 of this act to the period of limitations as to ordinary executions and making such period applicable to tax executions has reference to the provisions of Code Ch. 110-10 relating to dormant judgments and their revival. So far as this court has been able to ascertain, there are no laws of force on the statute books of this State which in any manner relate to "a period of limitations as to ordinary executions," apart from this chapter in the Code, and, insofar as its terms may be made to relate to tax executions, it may be said that they are made applicable by Section 2 of the Act of 1887. But this chapter relates to the dormancy of *judgments* and to the manner of reviving dormant *judgments.* A judgment is "the official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination." Black's Law Dictionary, 4th ed., p. 977. A fi. fa. is an execution and an execution is "a writ issued to a sheriff, constable, or a marshal authorizing and requiring him to execute a judgment of the court." Black's Law Dictionary, 4th ed., p. 677. The execution issued on a judgment is the means by which the judgment is given life, force and effect, but it is not the same as the judgment, and the terms "execution" and "judgment" are not synonymous. Accordingly, the provisions of Chapter 110-10 relating to dormant judgments and providing a procedure for their revival have no application to an action purportedly attempting to

revive a "dormant tax execution." This conclusion was clearly recognized by the Supreme Court in the *Georgia Railroad* case, 124 *Ga.* 596, supra, where Justice Candler, writing for the Supreme Court, said on p. 624 that: "For reasons satisfactory to the General Assembly the right of the individual to have a dormant judgment revived within three years after dormancy has not been made a part of what we might properly call the dormant-tax-judgment act. To allow the State after the lapse of seven years to enforce by execution a claim upon a judgment for taxes upon which no execution had been issued would be as antagonistic to the law as to allow an individual to sue on a note under seal upon which a judgment had been rendered and had become barred within less than twenty years simply for the reason that the original period of limitation applicable to sealed instruments had not expired at the time the judgment had become dormant." While a tax execution had been issued in this case, it had not been recorded nor had any effort at its collection been made. Such a tax execution is of no more force and effect in preserving the tax claim of the State than if no execution had ever been issued. Something more than mere issuance must be done under the provisions of Code § 92-7701, and nothing more was done in this case.

Our conclusion in this respect is reinforced by further examination of the provisions of Chapter 110-10. A scire facias to revive a dormant judgment must be brought in the superior court of the county in which the original judgment was obtained. The assessments of the Revenue Commissioner upon which the fi. fas. in this case were issued were not judgments of any court, and most certainly were not judgments of the Superior Court of Fulton County wherein this action was brought. Even if the petition in this case could be construed as an action to revive the assessment upon which the tax fi. fa. was based rather than to merely revive the fi. fa., there is no court having jurisdiction of the action under the provisions of Code § 110-1006 to which the petition could be addressed.

A proper construction of the act of 1887 (Code Ch. 92-77) requires the conclusion that unless there is a bona fide effort to enforce a tax fi. fa. by a levy or an attempted levy with

entry thereon, and unless the fi. fa., together with such entry, or entries, is recorded on the general execution docket of the county of the residence of the defendant in fi. fa. within seven years from the date of the assessment, and unless thereafter there be a new levy or attempted levy with proper entries and recordation within seven years thereof, and subsequently within each seven-year period, such fi. fa. is not merely dormant but is dead, and nothing more can be done to enforce it by the taxing authority. These executions were never entered on the general execution docket and no entry was ever made thereon by a sheriff or other person authorized to levy them recording any attempt to collect from the defendant the amounts claimed to be due thereunder. So far as appears from the record, they were merely issued and filed in the Revenue Commissioner's office, and no action was ever taken on them. Nothing was ever done within seven years of their issuance to give them vitality after that period, and without a bona fide attempt to collect the amounts alleged to be due so as to afford the taxpayer an opportunity to contest their validity by affidavit of illegality or by payment of the tax and suit for a refund at a time when the facts would have been fresh and easier of ascertainment and where no entry on the general execution docket was ever made so as to put the taxpayer, as well as third parties, on notice of a claim of the Revenue Commissioner, these fi. fas., after the expiration of seven years, were nothing more than mere scraps of paper.

It follows that the trial court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*