22484.   OTWELL, by Next Friend v. WEST et al.

Submitted May 11, 1964—Decided June 9, 1964.

*A. A. Roberts,* for plaintiff in error.

*Sutherland, Asbill & Brennan, A. C. Latimer, J. Lee Perry, James P. Groton, Clay C. Long,* contra.

QUILLIAN, Justice. The plaintiff prayed that the defendants be temporarily and permanently enjoined from disallowing the plaintiff from riding the school bus to and from the county school and that the defendants be enjoined from transferring him from Utoy Springs, the county school, to Ben Hill, the city school. Nowhere was it alleged that the defendants in seeking to transfer the plaintiff were acting wrongfully, capriciously or arbitrarily or that such action as contemplated on the part of the school authorities was without legal authority. The averments that the father of the plaintiff "believes" the defendants' decision to transfer the plaintiff was made so as to prevent him from pursuing any administrative remedies he might have do not amount, in law, to an affirmative allegation that the board was acting illegally to deprive the plaintiff of his rights.

Neither did the petition allege that the plaintiff had sought to complain of the purported effort to transfer him or appeal from such "decision," as the petition terms it, to the State Board of Education as provided by the Acts of 1961, p. 39

(*Code Ann.* § 32-910), or used the alternative method of certiorari as approved by the Court of Appeals in *Morman v. Pritchard,* 108 Ga. App. 247 (132 SE2d 561). Where no effort is made to exhaust one's administrative remedies, or an adequate remedy at law is available, equity will not intervene. *Boatright v. Yates,* 211 Ga. 125 (84 SE2d 195); *Bedingfield v. Parkerson,* 212 Ga. 654, 660 (94 SE2d 714).

The Acts of 1919, p. 331, as amended by Ga. L. 1946, pp. 206, 208 (*Code Ann.* § 32-938), provide that, where a child resides in one county and a common school is located in another county which is more accessible to the residence of such child than a public school in the county of his residence, the school officials will arrange or contract for the attendance of such child at the "county line school." *Board of Education v. Gresham,* 21 Ga. App. 440 (94 SE 641). The Act although part of our laws, in substance, since 1872 (Ga. L. 1872, p. 17) has never been applied to a county and an independent school system, and the latest amendatory Act, that of 1946, struck the words "sub-district" as formerly employed and expressly makes reference only to one "county" and another "county." Hence, the Act as it now reads only applies to counties and arrangements between them.

Moreover, the Act provides for the remedy of mandamus or appeal to the State Board of Education upon the failure or refusal of the county officials to arrange or contract for attendance at the nearer school. Even if the plaintiff was entitled to come within the benefits of the Act he totally and utterly failed to avail himself of its remedies and could not invoke the aid of equity. *Colston v. Hutchinson,* 208 Ga. 559, 560 (67 SE2d 763).

The trial judge did not err in sustaining the oral motion to dismiss and the general demurrer to the petition.

*Judgments affirmed. All the Justices concur.*