A94A1097. LOWE v. THE STATE.
(446 SE2d 532)

BIRDSONG, Presiding Judge.

Phoebe Lowe appeals her conviction for possession of cocaine. She contends the trial court erred by denying her motion to suppress cocaine seized by the police after a traffic stop from an automobile she was driving. She alleges that she was unlawfully stopped and detained by the police, and that this unlawful detention tainted her consent to search the automobile because her consent was premised on the fact that the officers deceptively issued a warning ticket and told her she was free to go.

A Chatham County police officer testified that he was patrolling I-95 about 2:00 a.m. when he noticed a car traveling slower than the typical speed for traffic on that highway. He followed the car and saw it drift into the right emergency lane and back over the centerline of the highway several times. He then turned on his blue lights and stopped the car. The officer testified that he stopped the car because he thought the driver of the car might be sleepy, intoxicated, or having mechanical problems. After Lowe stopped the car, the officer examined Lowe's driving license and the rental contract for the vehicle; Lowe explained she was driving as she was because she was very tired. The officer testified he issued Lowe a warning ticket for improper

lane change, explained to her the effect of a warning ticket, and then told Lowe she was free to go. During the officer's conversation with Lowe, however, certain discrepancies arose that caused the officer to suspect that Lowe might be involved with drug smuggling. For example, Lowe stated she was dating the passenger but did not know his last name; Lowe and the passenger stated they were traveling to different places; the rental car was not supposed to be driven outside of Florida; and 5,000 miles had been put on the car in one week. Consequently, the officer asked Lowe if she had drugs, weapons, or large sums of money in the car. When she said no, the officer asked if she would allow him to search the car. After Lowe granted permission and signed a consent to search form, the officer searched the car and found cocaine under the passenger seat.

After Lowe's motion to suppress was denied, the case proceeded to trial and she was convicted of possession of cocaine. This appeal followed. *Held*:

Although Lowe's motion to suppress relied upon *Brown v. State*, 188 Ga. App. 184, 187 (372 SE2d 514), in which this court found the consent search of a car was illegal because Brown was unlawfully detained at the time the consent to search was obtained, the trial court concluded the facts of this case were more analogous to those in *Guerrero v. State*, 198 Ga. App. 397 (401 SE2d 749), concluded the traffic stop was valid, and also concluded that Lowe freely and voluntarily consented to the search of the car. In *Guerrero*, this court affirmed the trial court's denial of a motion to suppress because it found that the traffic stop was not pretextual and thus did not taint a subsequent consent search.

"When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge 'hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it.' *State v. Swift*, 232 Ga. 535, 536 (207 SE2d 459) (1974).

"Second, the trial court's decision with regard to questions of fact and *credibility* must be accepted unless clearly erroneous. *Woodruff v. State*, 233 Ga. 840, 844 (213 SE2d 689) (1975). (Emphasis supplied.) Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. *Anderson v. State*, 133 Ga. App. 45, 47 (209 SE2d 665) (1974)." *Tate v. State*, 264 Ga. 53, 54 (440 SE2d 646).

As the trial court's finding that the traffic stop was valid is supported by the evidence of record discussed above, it must be accepted

by this court. *Woodruff v. State*, supra; *State v. Swift*, supra. Therefore, we reject Lowe's argument based upon the alleged illegality of the traffic stop. Further, based on the record before us, the totality of the circumstances supported the trial court's determination that the defendant freely and voluntarily consented to the search of the car. *Lombardo v. State*, 187 Ga. App. 440, 441 (370 SE2d 503).

Accordingly, Lowe's allegation that the trial court erred by denying her motion to suppress is without merit.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 20, 1994.

*Willie T. Yancey, Jr.*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *George R. Asinc*, Assistant District Attorney, for appellee.

