A97A1204. MADDOX v. THE STATE.
(490 SE2d 174)

RUFFIN, Judge.

Robert Ross Maddox appeals his conviction and life sentence for possession of methamphetamine and possession with intent to distribute. In his enumerations of error, Maddox claims that the State failed to prove he intended to distribute the drug; that the erroneous admission of "uncharged crimes" evidence demanded a mistrial; and that no probable cause existed for the traffic stop which led to the seizure of the methamphetamine. He also seeks reversal of his life sentence. For reasons which follow, we affirm.

1. In challenging the sufficiency of the evidence, Maddox admits he possessed the methamphetamine but contends the State failed to prove he intended to distribute it. Construing the evidence and all reasonable inferences in favor of the jury's verdict pursuant to the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we must determine whether a rational jury could have found, beyond a reasonable doubt, that Maddox possessed the methamphetamine with the intent to distribute it. See *Curtis v. State*, 208 Ga. App. 720, 721 (431 SE2d 719) (1993).

The evidence at trial showed that after stopping Maddox's truck and searching him, officers found in the crotch of his pants four separate, small plastic bags of methamphetamine with a total weight of 4.3 grams. They also found in his jacket pocket a large bag of white powder, a syringe, and a vial of milky liquid. One of the arresting officers, Trooper Brown, told the jury about his extensive background

in narcotics investigations, including his experience with methamphetamine dealers. Brown testified that the amount of methamphetamine Maddox possessed was consistent with distribution rather than use. Brown also testified that the large bag of white powder found in Maddox's jacket was a substance used by methamphetamine dealers to "cut" the pure drug. Additionally, the State introduced evidence of Maddox's 1987 conviction for possession of methamphetamine with intent to distribute. Although Maddox admitted he was formerly a "dope dealer," he insisted the methamphetamine he possessed in this case was for his own personal use.

While Maddox is correct that mere possession will not support a conviction for possession with intent to distribute, the foregoing evidence supports the conviction. Evidence showed the drugs were divided into four small packages. See *Bowers v. State*, 195 Ga. App. 522 (1) (394 SE2d 141) (1990) (presence of drugs in small packages allows jury to infer intent to distribute). Maddox had a prior conviction for selling methamphetamine. Trooper Brown, an experienced narcotics investigator, testified without objection that the circumstances of Maddox's possession showed an intent to distribute. See *Davis v. State*, 200 Ga. App. 44, 45 (2) (406 SE2d 555) (1991). Although Brown was never tendered as an expert, the prosecutor laid the foundation for his expert testimony, and the defense never objected to the opinions the officer gave based on his experience as a narcotics investigator. See *Smith v. State*, 226 Ga. App. 150, 151 (2) (485 SE2d 538) (1997) (conviction supported by testimony of untendered expert, to which defense did not object); see also *Henry v. State*, 265 Ga. 732, 736 (5) (462 SE2d 737) (1995) (witness, though not tendered as expert, "functioned essentially" as such). This evidence allowed the jury to find Maddox possessed the methamphetamine with intent to distribute and exclude the theory that Maddox possessed the drug only for his personal use. Compare *Stephens v. State*, 219 Ga. App. 881, 883 (1) (467 SE2d 201) (1996) (physical precedent only), in which the State neither tendered the officer as an expert nor laid a foundation for his opinion testimony.

2. Maddox contends a mistrial was required when an arresting officer testified he told Maddox that police "had received information in the past from a reliable confidential informant that [Maddox had] been running . . . guns." We disagree. The trial court issued a curative instruction, warning the jurors to disregard the comment and reminding them that Maddox "is on trial only for the charges in the indictment. . . ." When the court asked whether any juror could not disregard the comment, none responded. Under these circumstances, the cautionary instruction was sufficient, and the trial court acted within its discretion by denying the motion for mistrial. See *McDaniel v. State*, 204 Ga. App. 753, 754 (2) (420 SE2d 636) (1992) (in child

molestation prosecution, where witness improperly mentioned an additional, uncharged offense, curative instruction was sufficient). Moreover, it appears in this case that Maddox waived any insufficiency in the trial court's curative instructions because he did not timely renew his motion for mistrial until the close of the State's evidence. See *Mansfield v. State*, 214 Ga. App. 520, 521 (2) (448 SE2d 490) (1994) (failure to except to instructions or timely renew motion for mistrial precludes appellate review); *Kent v. Hunt & Assoc.*, 165 Ga. App. 169, 171-172 (8) (299 SE2d 123) (1983) (renewed motion for mistrial made at close of evidence was untimely).

3. Maddox also moved for a mistrial when an officer testified that at the time police searched Maddox, he was found carrying a small amount of marijuana in addition to the methamphetamine. Without determining whether Maddox preserved this ground of error with a timely motion for mistrial and renewal of that motion following the trial court's curative instructions, we find no error. See *Kent*, supra. Because the marijuana was found with the methamphetamine, its discovery was part of the res gestae. "Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue." (Citations and punctuation omitted.) *Carroll v. State*, 202 Ga. App. 544, 547 (2) (415 SE2d 37) (1992). The State was entitled to present this evidence as part of the circumstances surrounding Maddox's arrest. See *Giddens v. State*, 206 Ga. App. 409, 410 (425 SE2d 299) (1992).

As an additional ground of appeal, Maddox claims a mistrial was required because the State presented no evidence showing the green leafy substance was, in fact, marijuana. Because he never objected to the testimony on this ground at trial, he has waived this claim of error. This Court does not consider objections to evidence different from those made in the trial court. See *Wilkins v. State*, 220 Ga. App. 516, 517 (1) (469 SE2d 695) (1996).

4. The trial court did not err by admitting into evidence the methamphetamine, which Maddox contends was the product of an illegal traffic stop and nonconsensual search and seizure. We need not address the procedural issue: whether Maddox's oral motion to suppress, made during trial, was sufficient to preserve this issue for trial. But see *Turner v. State*, 178 Ga. App. 888 (1) (a) (345 SE2d 99) (1986) (" 'By failing to file a written motion to suppress, a defendant waives an appeal on that ground.' [Cit.]"). Here, the evidence construed in favor of the trial court's ruling showed officers stopped Maddox only after they saw his truck weaving back and forth across the lanes of travel and onto the shoulder of the road. Maddox then consented to the search of his person, which netted the drugs. The

trial court did not err in finding the stop justified, as evidence shows the officers saw Maddox violate the traffic laws. See OCGA § 40-6-48 (1); *State v. Holcomb*, 219 Ga. App. 231, 232-233 (464 SE2d 651) (1995); *Lowe v. State*, 214 Ga. App. 92, 93 (446 SE2d 532) (1994). The record also supports a finding that Maddox freely and voluntarily consented to the search. Id. at 94.

5. At the time Maddox was sentenced, OCGA § 16-13-30 (d) required that repeat drug offenders receive a life sentence, which the trial court imposed on September 26, 1995. That statute was amended effective July 1, 1996, to give the trial court greater discretion in imposing a lesser sentence. Maddox now claims, for the first time on appeal, that he should have the benefit of the 1996 amendment. We disagree. The amendment was not retroactive. See *Jackson v. State*, 223 Ga. App. 471 (2), 472 (477 SE2d 893) (1996).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JULY 25, 1997.

*Kathleen J. Anderson*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.