## A00A0536. DANIELS v. THE STATE.
(536 SE2d 206)

PHIPPS, Judge.

In April 1993, Charles Daniels was convicted of sale of cocaine and sentenced to life imprisonment. In June 1999, he filed a pro se motion for reduction of sentence. The trial court denied the motion on the ground that it no longer had jurisdiction to modify Daniels's sentence. Daniels appeals. Because the ordinary time period for modification of sentence had elapsed, and Daniels's sentence was not subject to modification as void, we affirm.

A trial court does not have unlimited jurisdiction to modify a sentence.

> A trial court has no jurisdiction to modify a sentence after the term of court ends or sixty days pass. Where a sentence is void, however, the court may resentence the defendant at any time. A sentence is void if the court imposes punishment that the law does not allow.[1]

Terms of court for the Chatham County Superior Court, where Daniels was sentenced, begin on the "[f]irst Monday in March, June, September and December" of each year.[2] Daniels's motion was filed six years after the end of the term of court in which he was sentenced.

Daniels asserts that his sentence is void because the trial court improperly sentenced him as a recidivist under OCGA § 17-10-7 (c). That subsection provides that one convicted of a fourth felony offense must "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served."

The record does not indicate that Daniels was sentenced pursuant to OCGA § 17-10-7 (c). He was indicted under that provision, but the State did not seek sentencing under it. The court did not refer to that Code section in its oral pronouncement or written order on Daniels's sentence. Neither did the sentence state that Daniels was ineligible for parole.

The court based its sentence of Daniels on OCGA § 16-13-30 (d), which, at the time, mandated a life sentence for conviction of a second offense of selling or possessing with intent to distribute Schedule I or Schedule II controlled substances.[3] Cocaine is a Schedule II con-

---

[1] (Citations omitted.) *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

[2] OCGA § 15-6-3 (17).

[3] Effective July 1, 1996, OCGA § 16-13-30 (d) was amended to allow greater sentencing discretion for trial courts, but the amendment was not retroactive. *Maddox v. State*, 227 Ga. App. 602, 605 (5) (490 SE2d 174) (1997).

trolled substance.[4] Daniels was convicted of sale of cocaine in this case, and in November 1987, he had pled guilty to possession of cocaine with intent to distribute.

Daniels's life sentence was mandated by law, and it was not void. The trial court was without jurisdiction to modify the sentence more than six years after its imposition. Daniels's motion for sentence reduction was properly denied as untimely.

Daniels also makes a puzzling claim that he did not receive a trial by a fair and impartial jury because the original indictment, which was presented to the jury, did *not* include his prior convictions.[5] That claim is not related to the issue of whether the trial court properly sentenced him. Instead, it relates to the validity of his conviction. Through several motions for new trial and an extraordinary motion for new trial, Daniels has previously challenged the validity of his conviction. And in an unpublished opinion, we affirmed his conviction. 213 Ga. App. XXIX (1994). Daniels may not raise in this appeal issues which go to the validity of his conviction rather than the validity of his sentence.

In his brief to this court, Daniels raises several issues which were not presented to the trial court in his motion for reduction of sentence.[6] "This court's function is to review errors of the lower courts, not to review assertions made by [appellant] and brought directly to this court."[7] For that reason, we will not address the issues which were not raised below.

More than six months after this appeal was docketed, Daniels filed an amended enumeration of errors raising numerous additional arguments. We will not consider the enumeration because it was not timely filed.[8] Moreover, the arguments raise issues which were not presented to the trial court in connection with the motion for reduc-

---

[4] OCGA § 16-13-26 (1) (D).

[5] Daniels's argument appears to be a misapplication of prior precedent which stated that the defendant's constitutional rights were not necessarily violated if the jury was shown an indictment which contained his prior convictions. See *Landers v. Smith*, 226 Ga. 274, 276 (3) (174 SE2d 427) (1970). Under Georgia's old two-step felony trial procedure where sentence was imposed by the same jury which decided guilt, prior convictions had to be included in the indictment to be considered in aggravation of punishment. *Wainwright v. State*, 208 Ga. App. 777, 778 (2) (432 SE2d 555) (1993). Georgia now has judge sentencing, and recidivist punishment is no longer conditioned upon indictment of the defendant as a recidivist. Id.

[6] One of these contentions is that OCGA § 16-13-30 (d) is unconstitutional both on its face and in its application. Daniels raised that same argument in his direct appeal, and this court decided the issue adversely to him in an unpublished opinion, 213 Ga. App. XXIX (1994). Relitigation of this issue is barred by res judicata. *Blalock v. State*, 201 Ga. App. 461 (411 SE2d 914) (1991).

[7] *Moore v. State*, 176 Ga. App. 882, 884 (2) (339 SE2d 271) (1985).

[8] See *McGraw v. State*, 199 Ga. App. 389-390 (405 SE2d 53) (1991); Court of Appeals Rule 26 (a).

tion of sentence.

*Judgment affirmed. Johnson, C. J., and Mikell, J., concur.*

DECIDED JUNE 21, 2000.

Charles Daniels, *pro se.*

Spencer Lawton, Jr., *District Attorney, Ann M. Elmore, Assistant District Attorney,* for appellee.