## A06A0467. POPHAM v. JORDAN.
(628 SE2d 660)

ELLINGTON, Judge.

In 1996, Peter N. Popham sued Hill Jordan, purportedly for fraud, in the State Court of Gwinnett County and obtained a judgment in the amount of $39,545 on May 23, 1997. After Popham allowed the judgment to become dormant, he filed this petition for writ of scire facias pursuant to OCGA § 9-12-60 et seq. The trial court found that Popham's petition failed to meet the procedural requirements of OCGA § 9-12-63 and denied the petition. Popham appeals, challenging virtually every aspect of the trial court's handling of his petition. For the following reasons, we affirm.

1. Popham concedes that he allowed his judgment against Jordan to become dormant. See OCGA § 9-12-60 (a).[1] Within three years from the time it became dormant, Popham attempted to revive the judgment by scire facias, as permitted by OCGA § 9-12-61,[2] by filing a petition on December 27, 2004. See also OCGA § 9-12-62 ("Scire facias to revive a judgment is not an original action but is the continuation of the action in which the judgment was obtained."). Popham contends that the trial court erred in concluding that his petition failed to satisfy the procedural requirements of OCGA § 9-12-63.

OCGA § 9-12-63 provides:

> A scire facias to revive a dormant judgment in the courts must issue from and be returnable to the court of the county in which the judgment was obtained. It shall be directed to all and singular the sheriffs of this state and shall be signed by the clerk of such court who shall make out copies thereof. An original and a copy shall issue for each county in which any party to be notified resides. A copy shall be served by the sheriff of the county in which the party to be notified resides 20 days before the sitting of the court to which the scire facias is made returnable and the original shall be returned to the clerk of the court from which it issued.

A scire facias resembles a summons and directs the defendant to appear in the issuing court on a certain date and to show cause why

---

[1] OCGA § 9-12-60 (a) provides in pertinent part: "A judgment shall become dormant and shall not be enforced . . . [u]nless entry is made on the execution by an officer authorized to levy and return the same and the entry and the date thereof are entered by the clerk on the general execution docket within seven years after issuance of the execution and its record."

[2] "When any judgment obtained in any court becomes dormant, the same may be renewed or revived by an action or by scire facias, at the option of the holder of the judgment, within three years from the time it becomes dormant." OCGA § 9-12-61.

the identified judgment should not be revived and an execution be issued. See Brown, Georgia Pleading, Practice and Legal Forms Annotated (2d ed.), §§ 9-12-62 Form 1; 9-12-63 Form 1. Although OCGA § 9-12-63 required Popham to prepare a scire facias, directed to the sheriffs of this state, and to have the scire facias signed by the clerk of the court of the county in which the original judgment was obtained and issued from that court, that is, the State Court of Gwinnett County, the record contains no such scire facias. Similarly, the record does not demonstrate that an original and a copy were issued for DeKalb County, where Jordan resides. Although, according to a certificate of service attached to the petition, Popham personally mailed a copy to Jordan, and Jordan appeared and filed a response to Popham's petition, Jordan's answer included an affirmative defense alleging that Popham had failed to comply with OCGA § 9-12-63. The record does not demonstrate that the DeKalb County sheriff served Jordan a copy of any scire facias, as required by the statute, nor does the record demonstrate that any original was returned to the clerk of the State Court of Gwinnett County.

Accordingly, the trial court correctly concluded that Popham's petition failed to satisfy the procedural requirements of OCGA § 9-12-63. The trial court's order denying Popham's petition is affirmed. *Atwood v. Hirsch Bros.*, 123 Ga. 734 (51 SE 742) (1905); *Scott v. Napier*, 85 Ga. App. 268, 274 (69 SE2d 111) (1952).

2. Popham's remaining claims of error are moot or were not presented to the trial court for a decision. "This court's function is to review errors of the lower courts, not to review assertions made by [Popham] and brought directly to this court. For that reason, we will not address the issues which were not raised below." (Punctuation and footnote omitted.) *Daniels v. State*, 244 Ga. App. 522, 523 (536 SE2d 206) (2000).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 15, 2006.

Peter N. Popham, *pro se.*
Hill Jordan, *pro se.*