## A08A1945. EASON v. TROON COMPANY, LLC.

(674 SE2d 77)

BARNES, Judge.

On December 17, 1999, CIT Group/Sales Financing ("CIT Group") obtained a judgment in the State Court of Jeff Davis County against Don A. Eason for $10,343.65, not including interest and attorney fees. On April 20, 2001, a garnishment proceeding was filed in that same court against Hazelhurst Bank seeking to levy on the judgment and identifying Quantum Varde Asset Fund, LLC ("Quantum") as successor in interest to CIT Group for purposes of the judgment. It is unclear from the record when or how the judgment was assigned to Quantum. The bank answered the garnishment, denying it held any funds belonging to Eason. In April 2005, Troon Company, LLC ("Troon") filed a notice of assignment disclosing that it had "purchased the account at issue in this lawsuit from [Quantum] for value and been assigned the interest of said company in the account." In June 2006, Troon dismissed the garnishment against the bank.

In December 2006, the original judgment against Eason became dormant, and on January 8, 2008, Troon filed a scire facias to revive the dormant judgment.[1] Following a hearing the trial court entered an order reviving the judgment, and Eason appeals.

1. In his first two enumerated errors, Eason contends that the trial court lacked subject matter jurisdiction and venue to grant the scire facias because the scire facias had to be brought in the superior court in the county in which the original judgment was taken, rather than the state court. See *Oxford v. Generator Exchange*, 99 Ga. App. 290 (108 SE2d 174) (1959).

"A scire facias to revive a dormant judgment in the courts must issue from and be returnable to the court of the county in which the judgment was obtained." OCGA § 9-12-63; *Funderburk v. Smith*, 74 Ga. 515 (1885). It "is not an original action but is the continuation of the action in which the judgment was obtained." OCGA § 9-12-62. Here, the judgment was rendered in the State Court of Jeff Davis County and thus, that court had jurisdiction over the scire facias. See generally *Popham v. Jordan*, 278 Ga. App. 254, 255 (1) (628 SE2d 660) (2006) (scire facias must issue from the court of the county in which the original judgment was obtained, which was the State Court of Gwinnett County).

---

[1] "When any judgment obtained in any court becomes dormant, the same may be renewed or revived by an action or by scire facias, at the option of the holder of the judgment, within three years from the time it becomes dormant." OCGA § 9-12-61.

To the extent Eason argues that the state court did not have jurisdiction because the scire facias was a matter of equity, we reiterate that a scire facias is not a new action but a continuation of an old one. OCGA § 9-12-62.

2. Eason next contends that the trial court erred in determining that Troon had a right to have the judgment revived. He argues that there was no evidence that CIT transferred its interest to Quantum or that Quantum was an actual successor in interest such that it could assign the judgment to Troon.

However, this claim of error was not properly presented to the trial court for a decision. "A scire facias is in the nature of a suit, an action to which the defendant may plead, and to which it is incumbent on him to plead before the judgment of the court is rendered." *Lewis v. Allen*, 68 Ga. 398, 400-401 (1882). While Eason raised this issue in passing at the hearing, he failed to file a defense under oath, as required by OCGA § 9-12-64, which provides that

[i]n all cases of scire facias to revive a judgment, when service has been perfected, the judgment may be revived on motion at the first term without the intervention of a jury unless the person against whom judgment was entered files an issuable defense under oath, in which case the defendant in judgment shall be entitled to a trial by jury as in other cases.

Accordingly, this enumeration is without merit.

3. In his final contention, Eason asserts that the trial court erred in issuing judgment on the scire facias without a trial by jury. Our review of the record reflects that Eason never requested a jury trial. "This court's function is to review errors of the lower courts, not to review assertions made by [Eason] and brought directly to this court. For that reason, we will not address the issues which were not raised below." (Punctuation and footnote omitted.) *Daniels v. State*, 244 Ga. App. 522, 523 (536 SE2d 206) (2000). We discern no error.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 19, 2009.

*Smith & Cannon, Judson F. Smith, Jr.*, for appellant.
*Busch & Reed, Chad K. Reed, Nicole A. Scarborough*, for appellees.