# Court of Appeals
# of the State of Georgia

ATLANTA,  January 13, 2016

*The Court of Appeals hereby passes the following order:*

**A16A0136.  QUENTIN LISTER v. THE STATE.**

Quentin Lister was indicted on four counts of armed robbery, one count of aggravated assault, and three counts of possession of a firearm during the commission of a felony.  On June 14, 2010, Lister pled guilty to one count of armed robbery, aggravated assault, and two of the firearms charges. He also entered an *Alford* plea to one count of armed robbery and the remaining firearms charge. On June 21, 2010, the trial court entered judgment of conviction and sentenced Lister to a total of 25 years with 13 to serve.   We affirmed Lister's conviction in an unpublished opinion. See *Lister v. State*, Case No. A12A0072, decided April 11, 2012.  On July 20, 2015, Lester filed a "Motion for Resentencing Under Substantive Change In Law."  The trial court denied the motion, and Lester now appeals, arguing that he should be re-sentenced in light of a change in the relevant mandatory minimum sentencing provision.

In construing Lister's motion, we look to the substance of the motion rather than its nomenclature.  See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010) (in pleadings, substance controls over nomenclature).  In essence, Lister seeks to have his sentence modified.  Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had when Lister filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  A sentence is void only if it imposes punishment that the law does not

allow. *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Lister argued in his motion that at the time he was sentenced, the trial court was compelled to impose a mandatory minimum sentence of ten years, but OCGA § 17-10-6.1 (e) affords the trial court discretion to impose a sentence below the mandatory minimum when the prosecuting attorney and defendant agree to a lesser sentence. OCGA § 17-10-6.1 (e) applies to offenses which occur on or after its effective date of July 1, 2013; it is not retroactive. See Ga. L. 2013, p. 222, § 21; *Maddox v. State,* 227 Ga. App. 602, 605 (5) (490 SE2d 174) (1997). Because the sentence imposed was allowed under the law at the time of sentencing, it is not void. See *Daniels v. State*, 244 Ga. App. 522, 523 (536 SE2d 206) (2000). Accordingly, Lister has not raised a colorable claim, and his appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____01/13/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*