# Court of Appeals
# of the State of Georgia

ATLANTA,  February 27, 2017

*The Court of Appeals hereby passes the following order:*

## A17D0290.  MICHAEL THOMPSON v. THE STATE.

In 2010, Michael Thompson entered a negotiated plea to armed robbery and was sentenced to fifteen years to serve ten and ordered to pay restitution.[1] In 2016, Thompson filed a "motion to correct void sentence." The trial court denied Thompson's motion, and he filed this timely application for discretionary appeal. We, however, lack jurisdiction.

As a threshold matter, we note that no provision of OCGA § 5-6-35, the discretionary appeal statute, appears to apply to this case. Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Here, however, the trial court's order is not subject to direct appeal.

Under OCGA § 17-10-1 (f), a sentencing court has the authority to modify a sentence within one year of the date upon which the sentence is imposed, or within 120 days after receipt of the remittitur upon affirmance of the judgment after direct appeal, whichever is later.  Beyond this time, a sentencing court may only modify a sentence that is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

---

[1] Thompson also pled guilty to one count of false imprisonment, for which he was sentenced to a concurrent five-year term.

A direct appeal lies from the denial of a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 218 (1) n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only if it imposes punishment that the law does not allow, "most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Thompson argues that his armed robbery sentence amounts to cruel and unusual punishment because, at the time of sentencing, the trial court was compelled to impose a mandatory minimum sentence of ten years, but OCGA § 17-10-6.1 now affords the trial court discretion to impose a sentence below the mandatory minimum. Thus, if he were sentenced for the same crime today, he could receive a lesser sentence. However, this provision of OCGA § 17-10-6.1 applies to offenses which occur on or after its effective date of July 1, 2013; it is not retroactive. Ga. L. 2013, p. 222, § 21. See also *Maddox v. State*, 227 Ga. App. 602, 605 (5) (490 SE2d 174) (1997). Because the sentence imposed was allowed under the law at the time of sentencing, it is not void. See OCGA § 16-8-41 (b) (armed robbery is punishable by ten to twenty years or life imprisonment); *Daniels v. State*, 244 Ga. App. 522, 523 (536 SE2d 206) (2000).

Thompson also argues that the trial court erred in imposing a restitution order without holding a hearing or making findings of facts. However, no written findings of fact are required. *McCart v. State*, 289 Ga. App. 830, 832 (658 SE2d 465) (2008). And a restitution hearing is not necessary when a defendant agrees to a restitution amount. See OCGA § 17-14-7 (b). Here, the trial court's order indicates that payment

of restitution not to exceed $40,000.00 was part of the plea agreement.[2] Accordingly, Thompson has not shown that his sentence is void.

For these reasons, this petition for discretionary review is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 02/27/2017*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*    *, Clerk.*

---

[2] The sentencing sheet indicates that the exact amount of restitution would be determined by the probation officer, but not exceed $40,000. According to the trial court's order, the exact amount was $31,743.00.