[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13434

_____

J & J SPORTS PRODUCTIONS, INC.,

Plaintiff-Appellee,

*versus*

LOS RANCHOS LATINOS INC.,
d.b.a. Los Ranchos Mexican & Salvadorian
Restaurant,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:11-cv-02998-SCJ

_____

Before NEWSOM, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

When a money judgment goes dormant under Georgia law, the judgment holder has a short window to renew or revive it "by an action or by scire facias." Ga. Code § 9–12–61. After J&J Sports Productions, Inc.'s money judgment and attorney's fees award against Los Ranchos Latinos Inc. went dormant, J&J moved under Federal Rule of Civil Procedure 69(a) to revive the judgment and award by scire facias. Los Ranchos opposed the rule 69(a) motion, arguing that it: (1) did not strictly comply with Georgia's scire facias procedure; and (2) listed the wrong dates for the judgment and attorney's fees award. Under the party presentation principle, Los Ranchos argued, the district court couldn't step in to correct the dates or fix J&J's errors in complying with Georgia's scire facias procedure.

The district court granted J&J's motion, concluding that rule 69(a) only required J&J to substantially comply with Georgia's scire facias procedure, J&J did substantially comply with the procedure, and the party presentation principle didn't prevent the district court from applying the correct law or fixing the mistaken dates. After careful review and oral argument, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

J&J is a promotion company that held the exclusive television rights to a boxing match that aired on November 14, 2009. Los Ranchos, a family-owned restaurant, played the match for its

customers without J&J's permission and without paying for the television rights. J&J sued Los Ranchos, alleging that the unauthorized broadcast violated the Communications Act of 1934 and the Cable Television Consumer Protection and Competition Act of 1992. When Los Ranchos failed to answer the complaint, the district court entered a default judgment against it for $15,000 plus costs and attorney's fees on December 7, 2011. On January 3, 2012, the district court awarded J&J $1,097.50 in attorney's fees.

J&J had seven years to collect on its judgment and attorney's fees award before the judgment and award went dormant. Ga. Code § 9–12–60(a)(1). But, while J&J didn't collect in time, that's still not the end of it for a judgment debtor like Los Ranchos. Under Georgia law, J&J had three years to renew or revive the judgment and award either "by an action or by scire facias." *Id.* § 9–12–61. J&J chose scire facias, which "resembles a summons," "directs the [judgment debtor] to appear" and "show cause why the identified judgment should not be revived," and must be personally served on the judgment debtor by a local sheriff. *See Popham v. Jordan*, 628 S.E.2d 660, 661–62 (Ga. Ct. App. 2006) (citing Ga. Code § 9–12–63).

J&J started the revival process on November 24, 2021, by filing a motion to revive the judgment and attorney's fees award under rule 69(a). But the revival motion gave the dates of the judgment and award as "July 15, 2014" and did not request that the court set a revival hearing or order Los Ranchos to appear. J&J served the revival motion on Los Ranchos by certified mail,

explaining that, because its motion was "simply a continuation of [its] original action," mail service was proper under the federal procedural rules.

In response, Los Ranchos entered an appearance for the first time and argued there were two reasons the district court should deny the revival motion. First, Los Ranchos asserted that rule 69(a) required J&J to strictly comply with Georgia's scire facias procedure. In Los Ranchos's view, J&J's revival motion didn't strictly comply because it did not request a show-cause order that required Los Ranchos to appear, and the motion was not personally served on Los Ranchos. Second, Los Ranchos pointed to the wrong dates for the judgment and award in the revival motion, and maintained that, under the party presentation principle, the district court could not fix the dates without J&J filing an amended motion.

The district court rejected both of Los Ranchos's arguments. Rule 69(a), the district court explained, only required J&J to substantially comply with Georgia's scire facias procedure, and J&J could do so by personally serving Los Ranchos with the revival motion and an order directing Los Ranchos to appear. And the party presentation principle didn't prevent the district court from fixing the wrong dates in the revival motion because it was "clear" J&J wanted to revive the only judgment and attorney's fees award entered in the case. So the district court construed the revival motion as requesting "an order in the nature of scire facias," fixed the wrong dates, and issued a show-cause order requiring Los Ranchos to explain why the judgment and attorney's fees award shouldn't

be revived.  Then, the district court ordered J&J to personally serve the revival motion and show-cause order on Los Ranchos and set a revival hearing for August 15, 2022.

J&J first tried to comply with the show-cause order by serving Los Ranchos's registered agent through a private process server. But Los Ranchos again objected, this time because service was not completed through the local sheriff.  Los Ranchos also argued that the district court violated the party presentation principle when it issued the show-cause order and when it ordered J&J to personally serve the revival motion and show-cause order.  The district court agreed with Los Ranchos that J&J needed to personally serve Los Ranchos through the sheriff, postponed the revival hearing, and ordered J&J to re-serve Los Ranchos.

Eventually, J&J served Los Ranchos through the Gwinnet County sheriff on August 31, 2022.  The district court held the re-scheduled revival hearing thirty days later on September 30, 2022.  At the hearing, Los Ranchos renewed its strict compliance and party presentation principle arguments.  The district court once again rejected them, found that J&J substantially complied with Georgia's scire facias procedure, and granted J&J's revival motion.

Los Ranchos appeals the district court's revival order.

## STANDARD OF REVIEW

"We review de novo a district court's interpretation of the Federal Rules of Civil Procedure." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1010 (11th Cir. 2017) (emphasis omitted).  And we review for an abuse of discretion whether a district

court has violated the party presentation principle. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (holding "that the appeals panel departed so drastically from the principle of party presentation as to constitute an abuse of discretion"); *see also United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (en banc) ("As federal courts do not have carte blanche to depart from the principle of party presentation[,] . . . it is an abuse of discretion for a court to override a party's deliberate waiver." (cleaned up)).

## DISCUSSION

On appeal, Los Ranchos continues to argue that rule 69(a) required J&J to strictly comply with Georgia's scire facias procedure and that J&J failed to do so. Los Ranchos also contends that the district court violated the party presentation principle by fixing the wrong dates in the revival motion, issuing the show-cause order, and directing personal service on Los Ranchos. We discuss these arguments in turn.

### *Compliance with Georgia's Scire Facias Procedure*

Rule 69(a) allows a federal court to revive a dormant judgment. *See* Fed. R. Civ. P. 69(a)(1); *see also In re Bailey*, 90 F.4th 1158, 1167–68 (11th Cir. 2024) (recognizing that judgment revival is available under rule 69(a)). If "a federal statute governs" a "proceeding[] supplementary to and in aid of judgment or execution"—including a judgment revival proceeding—rule 69(a)(1) requires that the proceeding comply with the federal statute "to the extent it applies." *See* Fed. R. Civ. P. 69(a)(1). But, if there is no federal statute, rule 69(a)(1) instead requires a federal revival proceeding to "accord

with the procedure of the state where the court is located." *Id.* The parties agree that no federal statute governs here, so they look to Georgia's scire facias procedure.

Like rule 69(a), Georgia's scire facias procedure allows a judgment holder to revive a dormant judgment. *See* Ga. Code § 9–12–61. The scire facias proceeding is "not an original action but is the continuation of the action in which the judgment was obtained." *Id.* § 9–12–62. The Georgia scire facias procedure has four requirements that must be met before a court can revive a judgment. First, to get the process started, the clerk of the court "in which the judgment was obtained" must sign and issue the scire facias. *Id.* § 9–12–63. As we've explained, a scire facias "resembles a summons" and "directs the [judgment debtor] to appear" and "show cause why the identified judgment should not be revived." *Popham*, 628 S.E.2d at 662. Second, the scire facias must be "returnable to the court" that issued it. Ga. Code § 9–12–63. Third, a local sheriff must personally serve a copy of the scire facias on the judgment debtor. *Id.* And fourth, personal service through the sheriff must be completed at least twenty days before a revival hearing. *See id.*

Los Ranchos argues that the revival proceedings here did not "accord with" the Georgia scire facias procedure, as demanded by rule 69(a), because J&J did not strictly comply with the four requirements. But we recently rejected the exact same argument in *In re Bailey*, another case involving Georgia's scire facias procedure. *See* 90 F.4th at 1167–68. There, we held that rule 69(a) does "not

require revival proceedings in federal court to strictly follow state-law procedures." *Id.* at 1168. Instead, "revival proceedings in federal court must only . . . substantially comply" with state revival procedure. *Id.*

Applied here, J&J substantially complied with Georgia's scire facias procedure. First, J&J moved for revival of the judgment and award, and the district court issued its show-cause order. Second, the show-cause order directed Los Ranchos to appear before the court that issued it. Third, J&J personally served the revival motion and show-cause order on Los Ranchos through a local sheriff. And fourth, the sheriff served Los Ranchos thirty days before the revival hearing.

J&J's compliance with Georgia's scire facias procedure was even more substantial than what we held satisfied rule 69(a) in *Bailey*. *See id.* To revive his judgment, the *Bailey* judgment holder filed a revival motion and served the motion, along with notice of a revival hearing, on the judgment debtor by mail. *Id.* at 1165. The *Bailey* court did not issue a show-cause order, and the judgment holder did not personally serve the judgment debtor through a local sheriff. *Id.* Even so, we held that the judgment holder substantially complied with Georgia's scire facias procedure because the federal proceedings gave the judgment debtor the same thing Georgia's scire facias procedure provided: "notice of court proceedings and the opportunity 'to show cause why the identified judgment should not be revived.'" *Id.* at 1170 (quoting *Popham*, 628 S.E.2d at 662). That's what Los Ranchos had in our case—notice of the

revival hearing and an opportunity to object to judgment revival. For that reason, we reach the same conclusion here as we did in *Bailey*: J&J substantially complied with Georgia's scire facias procedure. *See id.*

Pushing back, Los Ranchos argues that J&J didn't substantially comply because J&J's revival motion did not resemble a summons and wasn't—at least initially—personally served by the sheriff. But nothing in Georgia's scire facias procedure required J&J's *motion* to look like a summons or be personally served. *See* Ga. Code § 9–12–63. In any event, as in *Bailey*, even if J&J didn't meet all of the state's procedural requirements, it did enough to substantially comply with them. *See* 90 F.4th at 1168.

*Party Presentation Principle*

Next, Los Ranchos argues that the district court violated the party presentation principle by: fixing the dates in J&J's revival motion; issuing the show-cause order even though J&J did not request one; and requiring J&J to personally serve Los Ranchos even though J&J argued service by mail was enough. We find no abuse of discretion.

"Under the party presentation principle, American courts function in an 'adversarial system of adjudication' whereby 'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" *Campbell*, 26 F.4th at 872 (quoting *Sineneng-Smith*, 590 U.S. at 375). In other words, "when cases arise, courts normally decide only questions presented by the parties." *Sineneng-Smith*, 590 U.S. at 376

(cleaned up). Thus, it is "inappropriate for a court to raise an issue sua sponte in most situations." *Campbell*, 26 F.4th at 872 (emphasis omitted).

But "when an issue or claim is properly before [a] court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *United States v. Undetermined Quantities of All Articles of Finished & In-Process Foods*, 936 F.3d 1341, 1350 (11th Cir. 2019) (cleaned up). Indeed, a court "ha[s] a responsibility to interpret the law correctly" once a party raises an issue or claim. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017).

Here, the parties—and not the district court—raised the issue of reviving the dormant judgment and attorney's fees award under Georgia's scire facias procedure. Once J&J filed its revival motion and invoked the Georgia procedure, the district court had the "responsibility to interpret the law" and correctly apply the Georgia scire facias statute, which is exactly why it fixed the wrong dates in J&J's revival motion, issued the show-cause order, and ordered J&J to personally serve Los Ranchos through a local sheriff. *See id.*; *cf. Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 923 (11th Cir. 2018) ("[P]arties cannot waive the application of the correct law[.]"). The district court did not abuse its discretion by correctly applying the law on an issue the parties raised and over which they were litigating.

## CONCLUSION

The district court rightly concluded that J&J substantially complied with Georgia's scire facias procedure.  And the district court did not violate the party presentation principle by fixing the dates of the judgment and award and applying the law correctly once J&J placed the revival issue before the court.  We therefore affirm the district court's order granting J&J's revival motion.

**AFFIRMED.**